Joseph Davis FARRAR and Dale Lawson Farrar, Plaintiffs-Appellants,

v.

Clarence D. CAIN, et al., Defendants-Appellees.

No. 84–2099

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 8, 1985.

Ken E. Mackey, Corpus Christi, Tex., Waggonner Carr, Austin, Tex., for plaintiffs-appellants.

David R. Richards, Asst. Atty. Gen., Austin, Tex., Organ, Bell & Tucker, Gilbert I. Low, Beaumont, Tex., for Cain, Hobby, Urmy & Gruber (State of Tex.).

Zbranek & Hight, J.C. Zbranek, Liberty, Tex., for Hartel.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge: *

In this suit against Texas state officials under 42 U.S.C. § 1983 for violation of the plaintiffs' civil rights, the trial court entered judgment for the defendants based on a jury verdict that found at least one of the defendants liable but awarded no damages. The plaintiffs appeal contending that the trial court erroneously instructed the jury on nominal and actual damages and erroneously failed to inform the jury that it might award punitive damages in the absence of actual damages. They also contend that we should remand for a new trial on damages. Because the plaintiffs failed to object to the jury charge on compensatory and punitive damages as given and we find no fundamental error in it, and because the trial court did not abuse its discretion in denying a new trial on that ground, we affirm the denial of those damages. Because the jury found that at least one defendant had violated the plaintiffs' civil rights, we reverse the trial court's denial of nominal damages as to that defendant and remand for the court's entry of nominal damages, not to exceed $1.00.

Joseph D. Farrar and Dale L. Farrar, his son, owned and operated Artesia Hall, a school in Liberty County, Texas, for the care of delinquent, handicapped, or disturbed teenage boys and girls. The defendants, all Texas state officials, obtained a grand jury indictment against Joseph Farrar for the homicide of an Artesia Hall student and a state court temporary injunction against the operation of Artesia Hall. The homicide charge was later dismissed. In their § 1983 civil rights complaint, the Farrars alleged that the defendants violated their civil rights by, among other things, taking illegal steps to close the school, thereby depriving them of the right to practice their livelihood and profession. Answering special interrogatories, the jury found that one of the plaintiffs had violated

---

* All parties have either waived or failed to request oral argument. The case was, therefore, decided on the briefs. Local Rule 34.3 and Fifth Circuit Internal Operating Procedure—Screening.

the Farrar's civil rights, but it awarded no damages.

■ Challenging the jury instructions, the Farrars contend that the trial court erred in not instructing the jury on nominal damages and in not awarding nominal damages as a matter of law because, in civil rights cases, nominal damages are routinely presumed or inferred. They also argue that the court erred by including in the jury instructions foreseeability as a defining characteristic of proximate cause without observing that, although foreseeability may be a proper test for determining damages for unintentional tort violations of civil rights, it is not a proper prerequisite to obtaining recompense for intentional violations. Additionally, they claim that the trial court failed to instruct the jury that, once the plaintiffs prove a constitutional violation, the burden shifts to the defendants "to show by a preponderance of evidence that there was no 'but-for causation in fact' relation between the constitutional violation and plaintiffs' damages."[1] Finally, the Farrars assert that the court committed reversible error in the special interrogatories by predicating any award of punitive damages on the jury's having awarded actual damages and by not granting their motion for a new trial.

Fed.R.Civ.P. 51 provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.... No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

The purpose of this rule is to allow the trial court to correct any error before the jury begins its deliberation.[2] In *Delancey v. Motichek Towing Service, Inc.,*[3] this court stated:

This Court has consistently held that the specifications of errors dealing with the giving of or failure to give instructions will not be considered unless the party objects in the manner provided by the rule.... The objection must be sufficiently specific to bring into focus the precise nature of the alleged error.... A general objection presents nothing for review.[4]

■ The Farrars were given an opportunity to object timely to the proposed instructions and the special interrogatories. The record, however, is devoid of any indication that they objected to either with respect to any of the issues on appeal.[5] Moreover, the Farrars filed a proposed jury charge that failed to limit foreseeability to unintentional torts or to request a *Mt. Healthy*[6] charge.

■ Failure to object to the jury charge in the trial court precludes review on appeal unless the error is so fundamental as to result in a miscarriage of justice.[7] With regard to compensatory damages, our re-

---

**1.** The Farrars cite *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977), in support of this position. Given their failure to object to the jury charge, we do not address the propriety of applying *Mt. Healthy* in the manner the Farrars suggest. *See infra* text accompanying notes 2–10.

**2.** *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2553, at 634 (1971).

**3.** 427 F.2d 897 (5th Cir.1970).

**4.** *Id.* at 900 (citations omitted); *see also United States v. Marbury,* 732 F.2d 390, 403 (5th Cir. 1984).

**5.** Although the Farrars have not provided us with a trial transcript, the appellees have provided us with an excerpt of the transcript which shows that the Farrars' counsel lodged no objection on these grounds. The record contains the same excerpt.

**6.** 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471, 483 (1977); *see supra* note 1 and accompanying text.

**7.** *See Whiting v. Jackson State Univ.,* 616 F.2d 116, 126 (5th Cir.1980); *cf. Wallace v. Ener,* 521 F.2d 215, 218–219 (5th Cir.1975).

view of the record does not indicate that such a fundamental error was committed. The Farrars bear the burden of insuring that all their objections are made part of the record.[8] The Farrars, however, stated that they "have appealed to this court without a transcript and rely upon the record and questions of law presented in their brief." Even if an objection was lodged, it does not appear in the appellate record.[9] Reviewing the record on appeal, we find neither fundamental error nor miscarriage of justice.[10]

■ The Farrars also contend that the trial court erred in predicating the finding of punitive damages upon a finding of actual damages. They argue that, "since the jury found that Appellees violated Appellants' civil rights, the Appellants should be allowed to have a jury consider what amount, if any, would be appropriate punitive damages to deter Appellees from future unlawful conduct or punish them for their wrongful act in violating Appellant's civil rights."

Here, too, the Farrars' failure to object to the trial judge's charge to the jury and to the special interrogatories submitted to the jury precludes our review in the absence of plain error or manifest miscarriage of justice.[11] Although punitive damages may be awarded in a § 1983 action even in the absence of actual injury,[12] failure to object precludes review if, as here, there is no plain error or manifest miscarriage of justice.[13] The record shows that the interrogatory predicating an award of punitive damages on a finding of actual damages was brought to the attention of the court and that the Farrars' counsel agreed to the charge and advised the court that he had no objection.

■ The trial court did not err by failing to award nominal damages as to all of the defendants except Hobby. Interrogatory No. 3 asked the jury whether any of the defendants "engaged in a conspiracy against one or more of the plaintiffs as defined in the charge." The jury answered "yes" as to all of the defendants except defendant Hobby. Interrogatory No. 4 asked whether "such conspiracy was a proximate cause of any damages to the plaintiff." The jury answered this question by checking "no" and, therefore, awarded no damages in response to Interrogatory No. 5.

The jury did not find, therefore, that any of these defendants deprived the plaintiffs of their civil rights. As we have recently stated:

> Under § 1983 conspiracy can furnish the conceptual spring for imputing liability from one to another.... A conspiracy may also be used to furnish the requisite state action.... Yet, it remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient.... Here [the plaintiff] has failed to show any such deprivation. Without a deprivation of a constitutional right or privilege, [the defendant] has no liability under § 1983.[14]

We are unable to read the jury charge to say, as the Farrars contend, that the jury's answers lead to the conclusion that it found the conspirators to have violated the Farrars' civil rights. Absent a finding that the conspirators deprived the Farrars of their civil rights, the jury's finding that a conspiracy existed will not support an award

---

**8.** *Whiting v. Jackson State Univ.,* 616 F.2d 116, 127 (5th Cir.1980) (citing Fed.R.App.P. 10(b) & (c)).

**9.** *See supra* note 5.

**10.** *Whiting v. Jackson State Univ.,* 616 F.2d 116, 126 (5th Cir.1980).

**11.** *See Whiting v. Jackson State Univ.,* 616 F.2d 116, 126–27 (5th Cir.1980).

**12.** *See Ryland v. Shapiro,* 708 F.2d 967, 976 (5th Cir.1983).

**13.** *See Whiting v. Jackson State Univ.,* 616 F.2d 116, 126 (5th Cir.1980); *Abraham v. Pekarski,* 728 F.2d 167, 172 (3d Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984).

**14.** *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir.1984).

of any damages against the conspirators, compensatory or nominal.[15]

The findings as to Hobby were different. Interrogatory No. 7 instructed the jury that, if it had found that defendant Hobby had not conspired with the other defendants to violate the plaintiffs' civil rights, it should decide whether "Defendant Hobby committed an act ... under color of state law that deprived Plaintiff Joseph Davis Farrar of a civil right." The jury answered that Hobby had violated Farrar's civil rights, but also found, in response to Interrogatory No. 8, that his acts were not "a proximate cause of any damages" to Farrar. In response to Interrogatory No. 9, therefore, the jury awarded Farrar no damages for Hobby's acts.

 Even when a violation of a civil right causes no actual injury to the plaintiff, the plaintiff is entitled to recover nominal damages.[16] We have awarded nominal damages, not to exceed one dollar, when an infringement of a fundamental right was shown [17] and we have also held that, once a jury has found a violation of a plaintiff's civil rights, it "could not ignore that finding in calculating damages. Violation of [the plaintiff's] constitutional rights was, at a minimum, worth nominal damages." [18] Because the jury explicitly found that defendant Hobby had violated Farrar's civil rights, the jury should have awarded Farrar nominal damages, not to exceed one dollar, and it was error for the trial court not to do so when the Farrars so moved in their motion for a new trial.

 The Farrars also complain that the court erred in denying a motion for new trial because of its failure to instruct the jury properly on the issues of damages and causation. In this circuit, appellate review of the trial court's denial of a new trial is severely limited, and we will interfere only when the trial court has abused its discretion or failed properly to exercise it.[19] In considering a motion for a new trial, the trial judge is free to weigh the evidence,[20] and we will not find that the district court abused its discretion "unless there [was] an 'absolute absence' of evidence to support the jury's verdict." [21] Because the Farrars have chosen not to submit a transcript of the trial to us, we cannot determine whether there is an "absolute absence" of evidence to support the verdict of the jury and, therefore, cannot say that the trial court committed any abuse of discretion.

The Farrars also ask us to sever the damages issues and grant a new trial simply to determine the amount of damages because the interrogatories and the instructions submitted to the jury were erroneous as a matter of law. Although this court may, in a proper case, sever the damages issues,[22] we find no reason to do so in this case. As we have previously noted, the Farrars failed to object to the jury instructions or the special interrogatories on damages. Because we can neither review nor find error as to damages, other than nominal damages, it would be improper for us to sever and to remand the damages issues for a new trial.

For these reasons, the judgment is AFFIRMED IN PART, REVERSED IN

---

**15.** See id.; see also Carey v. Piphus, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252, 266 (1978).

**16.** Carey v. Piphus, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252, 266 (1978).

**17.** See, e.g., Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir.1980) (violation of first amendment rights).

**18.** Webster v. City of Houston, 689 F.2d 1220, 1230 (5th Cir.1982), vacated and remanded on other grounds, 735 F.2d 838 (5th Cir.), aff'd in part and rev'd in part, 739 F.2d 993 (5th Cir. 1984) (en banc rehearing granted).

**19.** See United States v. An Article of Drug Consisting of 4,680 Pails, 725 F.2d 976, 990 (5th Cir.1984).

**20.** Id.

**21.** Id.

**22.** See Hadra v. Herman Blum Consulting Eng'rs, 632 F.2d 1242, 1245–46 (5th Cir.1980), cert. denied, 451 U.S. 912, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981); see also Eximco, Inc. v. Trane Co., 748 F.2d 287, 290 (5th Cir.1984).

PART, and REMANDED for proceedings consistent with this opinion.