Paul Edward ARCHIE, et al., Plaintiffs,

Paul Edward Archie,
Plaintiff-Appellant,

v.

David A. CHRISTIAN, et al.,
Defendants-Appellees.

No. 84–2175.

United States Court of Appeals,
Fifth Circuit.

March 17, 1987.

theory of liability).

---

1. *Rhynes v. Branick Mfg. Corp.,* 629 F.2d 409 (5th Cir.1980) (declining to adopt "product line"

Paul E. Archie Pro se.

M. Lawrence Wells, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

## ON REMAND FROM THE EN BANC COURT

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This court's en banc decision determined the panel does have jurisdiction. *Archie v. Christian*, 808 F.2d 1132 (5th Cir.1987). The en banc court thus remanded the case to the panel for a decision on the merits. We now affirm the district court's judgment denying plaintiff Archie's motions to amend the judgment or grant a new trial.

### I.

Archie sued various prison officials under 42 U.S.C. § 1983 for violation of his civil rights when he was an inmate in a Texas prison. Specifically, he complained of his treatment while in administrative segregation following a prison riot, in which Archie allegedly participated, on November 18, 1982.

The district court referred the case to a magistrate who conducted a jury trial.

The presiding magistrate submitted 32 special interrogatories to the jury. The jury answered 30 of the interrogatories favorably to the defendants. The jury answered "yes" (as to two defendants) to special interrogatory No. 13, which asked whether defendants had denied plaintiff access to the Court while he was in administrative segregation. The jury also answered "yes" (as to two defendants) to special interrogatory No. 25, which asked whether plaintiff sustained injury to his personal property or was deprived of any right or privilege granted him as a United States citizen. The jury awarded no damages.

Archie appeals, alleging various procedural and substantive errors in his trial. Finding no merit to these contentions, we affirm.

## II.

■ Archie argues that the district court erred in failing to grant either his motion to amend the judgment to award damages or his motion for a new trial based on the jury's failure to award damages. Archie's argument is not that the evidence does not support the jury's verdict but rather that the jury's refusal to award damages is inconsistent with its answers to special interrogatories 13 and 25. However, the jury's verdict reasonably may be read to say that Archie was denied access to the Court and was deprived of a right or privilege of a United States citizen, but was not damaged thereby. Such a verdict is not inconsistent and does not entitle Archie to an award of actual damages. *See Farrar v. Cain,* 756 F.2d 1148, 1152 (5th Cir. 1985). However, a plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even when there is no injury. *Id.* at 1152, citing *Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252, 266 (1978). We therefore modify the district court's judgment to hold that Archie is entitled to receive one dollar in nominal damages. *See Familias Unidas v. Briscoe,* 619 F.2d 391, 402 (5th Cir.1980) (awarding one dollar in

nominal damages for violation of First Amendment rights).

## III.

Archie contends that the district court erred in not granting his motion for "partial summary judgment," which was submitted at the close of the plaintiff's case and construed as a motion for a directed verdict. Appellant's motion asked for judgment as a matter of law against certain named defendants who were inmate guards that allegedly severely beat Archie on September 12, 1980.

■ The magistrate found that there was sufficient evidence to go to the jury on whether Archie had been beaten or deprived of his constitutional rights by the actions of these defendants. He pointed to testimony that Archie had not been beaten as alleged and that prison officials had not directed any such beating. The district court adopted the magistrate's findings. Before the district court acted on the magistrate's findings and recommendations, Archie filed a document entitled "Motion For a Copy of the Trial Fact-Finding." While the precise meaning of the motion is unclear, we decline to take the district court's implicit denial of this motion as an indication that Archie was denied his right to file a transcript on appeal. Since Archie has not filed a transcript with this court, we cannot say that there was error in the district court's decision to adopt the magistrate's findings. *See* Fed.R.App.P. 10(b); *Mandel v. Max-France, Inc.,* 704 F.2d 1205, 1207 (11th Cir.1983).

## IV.

Next, Archie contends that the district court erred in denying his motion for a change of venue and his motion for a continuance. These motions were untimely filed and therefore properly denied. At any rate, it does not appear that there was otherwise any error in the denial of these motions.

## V.

Finally, Archie argues that the district court erred in denying his motion for appointment of counsel. The record before us does not contain this motion, nor the reasons which the magistrate gave for denying it. Apparently, however, Archie did move for appointment of counsel more than one year before trial and the magistrate denied the motion in a pretrial conference on May 17, 1982. Since the failure to have an explanation of the district court's decision before us is due to the fact that Archie did not file a transcript on appeal and did not renew his motion for appointment of counsel at any time, we decline to remand this case for more specific findings by the district court. *Compare Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir.1985).

Appointment of counsel is authorized in § 1983 actions only in "exceptional circumstances." *Id.* at 412. The existence of such circumstances depends primarily on the type of case and the abilities of the plaintiff to represent himself. *Id.* This case was not a particularly complex one; it revolved around events which allegedly occurred in the prison in which plaintiff resided. Furthermore, plaintiff admits that he is an experienced "writ writer." Obviously, he was familiar with the rudiments of the legal system. It does not appear that Archie was unable to put on an effective case. Under these circumstances, we cannot say that the district court abused its discretion in denying his motion for appointment of counsel.

Archie, who proceeded pro se, also contends that he should be awarded attorney's fees. Such fees are not available in an action of this type. *Cofield v. City of Atlanta*, 648 F.2d 986, 987–88 (5th Cir. 1981).

## VI.

Appellant's contentions are without merit. The judgment of the district court is

MODIFIED to award one dollar in nominal damages and AFFIRMED.