Terrance MARSHALL,
Plaintiff–Appellant,

v.

NEPTUNE MARITIME, INC., Marble Investment Co., S.A., and Unitex, Ltd., Defendants–Appellees.

No. 87–3006
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1987.

B.R. Malbrough, Morris Bart & Assoc., New Orleans, La., for plaintiff-appellant.

Robert H. Murphy, Peter B. Sloss, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants-appellees.

**738**

Before GEE, GARWOOD and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

From a jury verdict finding the defendant shipowner non-negligent and therefore not liable for appellant grain inspector's alleged slip-and-fall injury on board the M/V Baryon, appellant complains solely of defects in the court's charge. Hampered by an incomplete appellate record, but nonetheless convinced from what we are able to review that the charge was adequate, we affirm.

In the course of preparing for this appeal, appellant failed to procure a transcript of the entire proceedings, and instead opted, pursuant to Federal Rule of Appellate Procedure 10(b), to secure only the 78 pages of transcript covering the magistrate's charge to the jury. Appellant failed to inform appellee, as required by FRAP 10(b)(3), that only a partial transcript was being secured. Failure to abide by the rules of appellate procedure is not to be lightly overlooked. In this case, however, appellee will not be disadvantaged by the omission.

██ Appellant's most serious complaint is made against the magistrate's charge that, "[A] worker such as a grain inspector, when she enters upon her calling, must assume all inherent and unavoidable risk of her occupation, as all persons must; and she cannot recover for injuries resulting solely from such inherent and unavoidable risks". Appellant contends that this instruction injects the defense of assumption of risk improperly into the case. Although assumption of risk has been held inapplicable in longshoremen's negligence actions against a shipowner pursuant to LHWCA § 905(b), *Gay v. Ocean Transport & Trading Ltd.*, 546 F.2d 1233 (5th Cir.1977), appellant was not a longshoreman. Even if assumption of risk remains a defense, an issue we do not pursue, the charge did not raise the defense. Rather, the language concerning a plaintiff's assumption of un-

avoidable risks is used in the layman's sense of those terms and connotes that a plaintiff must exercise some responsibility for her own safety in the face of "unavoidable risk, which does not arise out of negligence" (quoting from the charge). See, e.g., *Stass v. American Commercial Lines, Inc.*, 720 F.2d 879, 882–84 (5th Cir. 1983). We note that the charge elsewhere included a definition of comparative negligence that is not inconsistent with this instruction. Furthermore, the instruction informed the jury that the vessel owner would be liable for its own negligence including failure to warn a plaintiff of latent dangers. Thus, the charge as a whole conveyed the proper standards to the jury.

It is impossible to judge which standard of review applies to this aspect of the charge, given appellant's failure to have brought us transcript evidence of her compliance with Federal Rule of Civil Procedure 51. The transcript we have received does not contain an objection to this portion of the court's charge, although appellant's brief describes her objection to this issue as "vigorous". Parsing the trial court record, we note that appellant's motion for new trial referred to her objection to this issue, and defendant, in its response, did not contest the propriety of her objection. We need not reach the question which standard of review ought to apply ("plain error" for an unobjected-to instruction, or error in the whole charge, where the objection was properly lodged), because we have concluded that the charge given as a whole adequately reflected the applicable law and did not mislead the jury. *Coughlin v. Capitol Cement Company*, 571 F.2d 290, 300 (5th Cir.1978).

██ Appellant additionally complains that the negligence charge should have been framed verbatim according to *Scindia Steam Navigation Company v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). We find no warrant for this complaint in light of the exhaustive nature of the court's negligence charge. "It is axiomatic that the court need not couch its charge in the precise language and form fancied by a litigant's attorney.

[omitting citations]". *Coughlin,* supra at 300.

■ We are unable to review appellant's contention that the court should have instructed the jury that the vessel owner must inspect the premises to discover possible dangerous conditions of which he does not know and to protect the invitee from dangers which are foreseeable from arrangement or use. Appellant alleges that she specifically requested such a charge by the magistrate. Our truncated transcript affords no basis to review whether plaintiff requested such a charge, and whether the evidence in any way supported it. As the propriety of this charge would depend heavily upon the nature of the evidence, which is not before us, we decline to review this issue. *United States v. Gerald,* 624 F.2d 1291, 1296 and n. 6 (5th Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981); *Crawford v. Western Elec. Co., Inc.,* 614 F.2d 1300, 1304 (5th Cir.1980).

■ Appellant finally complains that the trial court erred by giving additional instructions to the jury after counsel for both parties had pointed out an error in the charge. Counsel for defendant, reinforced by appellant's counsel, mentioned to the magistrate that he had included a "slightest negligence" instruction which, of course, does not pertain to a non-Jones Act case. The court offered to correct the instruction in writing and orally and, both counsel agreeing to this course of action, he did so. The magistrate attempted to inform the jury both that slightest negligence did not apply and that the plaintiff's standard of care was not changed by this modification. Appellant now contends that the instructions given the jury misled them and suggested a verdict for the defendant. We disagree. The final form of the charge, including the initial and corrected instructions, might have been somewhat redundant and verbose, nevertheless, the trial court specifically informed the jury that they should not draw any inferences "from the fact that certain parts of the charges contain more discussion of certain issues than others." Verbosity alone will not fatally prejudice a jury charge otherwise reasonably accurate. If we had a transcript of the attorneys' closing arguments, we might be able better to assess the effect of the court's redundancy. But we do not.

For the foregoing reasons, the judgment of the district court is AFFIRMED.