UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50299
Summary Calendar
_____


GLYNDA S. COYLE,

                                        Plaintiff-Appellant,

                        versus

SECRETARY OF THE AIR FORCE,
Department of the Air Force,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
(CA-SA-94-376)
_____


May 21, 1996

Before  SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Glynda S. Coyle, proceeding pro se and in forma pauperis
(IFP), filed a gender discrimination suit pursuant to 42 U.S.C. §
2000e et seq., against the Air Force in connection with her civil
service employment.  The magistrate judge conducted a bench trial
and determined that Coyle failed to show any discriminatory or
retaliatory acts.  Coyle then moved for a transcript at government

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

expense. The district court found that she failed to present a substantial question for review and therefore denied the motion.

On appeal, this Court revoked her IFP status and denied her request for a transcript at government expense, concluding that her financial affidavit reflected that she had the resources to afford the costs of her appeal without undue hardship.

Coyle argues that the magistrate judge's factual findings are clearly erroneous. However, Coyle has not provided this Court with a transcript of the trial in accordance with Rule 10(b)(2) of the Federal Rules of Appellate Procedure. Consequently, we are unable to determine whether the findings are clearly erroneous. See Marshall v. Neptune Maritime, Inc., 838 F.2d 737, 739 (5th Cir. 1987); Archie v. Christian, 812 F.2d 250, 252 (5th Cir. 1987). Additionally, to support her argument that the magistrate judge erred, she refers to her trial notes, which she has included in the record excerpts. Those notes are not contained in the record on appeal, and therefore, we are barred from considering them. Galvin v. Occupational Safety & Health Administration, 860 F.2d 181, 185 (5th Cir. 1988).

Coyle also argues that certain Equal Employment Opportunity (EEO) or military regulations were violated. In his memorandum, the magistrate judge stated that Coyle failed to identify the specific regulations. Moreover, the violations alleged would not establish that the magistrate judge clearly erred in concluding that there was "nothing to indicate that any actions taken were motivated by any discriminatory intent or in retaliation for plaintiff's EEO activity."

Accordingly, the district court's judgment is AFFIRMED.