IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30226
Summary Calendar
_____


RICHARD HOLMES,

Plaintiff-Appellant-Cross-Appellee,

versus

RICHARD STALDER, ET AL,

Defendants,

JOHN STEPHENSON, Individually & in his official capacity as
Lieutenant Wade Correctional Center,

Defendant-Appellee-Cross-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-2528
--------------------
April 27, 2001

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Richard Holmes appeals from a judgment following a jury trial in this 42 U.S.C. § 1983 civil rights action. Holmes argues that in the light of the jury's finding that John Stephenson used excessive force, the award of nominal damages in the amount of one dollar was unreasonable. "[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excessive force a more than <u>de</u> <u>minimis</u> physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." <u>Gomez v. Chandler</u>, 163 F.3d 921, 924 (5th Cir. 1999).

A review of the evidence in the light most favorable to the jury's verdict indicates that the jury obviously chose to discredit Holmes' testimony regarding his injuries and elected to credit the testimony of the attending nurse to the effect that no muscle spasms or signs of bruising, swelling, or scarring were present. The medical records also reflected that Holmes did not seek further medical treatment for the injuries he allegedly sustained as a result of the use of force, and when he did return to the infirmary, it was 35 days after the incident and it was concerning a problem with his eye. This court will not disturbed the jury's credibility determination. <u>Hiller v. Mfrs. Prod. Research Group of North Am., Inc.</u>, 59 F.3d 1514, 1522 (5th Cir. 1995).

To the extent that Holmes avers that the award of nominal damages is inconsistent with the jury's finding that excessive force was used, a plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even when no injury was shown, and such a verdict is not inconsistent and does not entitle the plaintiff to an award of actual damages. <u>See Archie v. Christian</u>, 812 F.2d 250, 252 (5th Cir. 1987).

Stephenson, in his cross-appeal, avers that the district court erred in denying his renewed Fed. R. Civ. P. 50 motion for judgment as a matter of law. Stephenson's motion for judgment as a matter

2

of law was untimely because it was filed eleven days after the entry of judgment.  <u>See</u> Fed. R. Civ. P. 50(b)(a motion for judgment as a matter of law must be filed no later than 10 days after the entry of judgment).  Accordingly, Stephenson filed "an unauthorized motion which the district court was without jurisdiction to entertain.  Thus, he has appealed from the denial of a meaningless, unauthorized motion."  <u>United States v. Early</u>, 27 F.3d 140, 142 (5th Cir. 1994).  "Although the district court denied the motion on the merits, it should have denied the motion for lack of jurisdiction."  <u>Id</u>.  This court affirms on the alternative basis. <u>Id</u>.

AFFIRMED.