**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-20996

(Summary Calendar)

_____

GERRARDO CARRILLO,

Plaintiff - Appellant,

versus

J.A. DESANTO, Houston Police Department; CLARENCE
BRADFORD, Police Chief; CITY OF HOUSTON; DAVID C
ZAHARIS; JOHN A JACKSON,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-98-CV-4023

August 15, 2001

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Gerardo Carrillo appeals the district court's judgment in favor of the defendants in his 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1983 civil rights action. He argues that the district court erred in (1) denying his third motion for a default judgment; (2) making various evidentiary rulings; (3) failing to consider a third, allegedly related arrest which occurred after this action was filed; and (4) denying his motion for judgment as a matter of law or for a new trial.

Carrillo has not shown that the district court abused its discretion in denying his motion for default judgment. Before a default judgment could be entered, the defendants filed answers to Carrillo's amended complaint. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *see also* Fed.R.Civ.P. 55(b).

Review of the district court's evidentiary rulings and denial of Carrillo's postjudgment motion requires review of the record, including the trial transcript. Carrillo has not provided a trial transcript. The district court denied Carrillo's motion for a transcript at government expense because the court determined that any appeal would not present a substantial question and would be frivolous. Carrillo filed a motion for a transcript at government expense in this court, but the motion was denied because Carrillo did not identify a substantial question or show that the transcript was necessary to present his appeal. Without a transcript, it is not possible for the court to consider whether the district court erred in making certain evidentiary rulings or in denying Carrillo's postjudgment motion. *See Farrar v. Cain*. 756 F.2d 1148, 1152 (5th Cir. 1985).

AFFIRMED.