United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51083
Summary Calendar

AVNIEL AWAN ANTHONY,

Plaintiff-Appellee,

versus

JUAN MARTINEZ; ET AL.,

Defendants,

JUAN MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(5:03-CV-53)
--------------------

Before KING, WIENER, AND DEMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Martinez (J. Martinez), a prison guard, appeals from a judgment in favor of Plaintiff-Appellee Avniel Awan Anthony, an inmate, following a jury trial in this 42 U.S.C. § 1983 civil rights action. J. Martinez argues that the magistrate judge (MJ), who presided over the case with the parties' consent, erred in denying J. Martinez's motion for judgment as a matter of law (JMOL). He raises three claims in support of this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument: (1) Anthony failed to prove that he was subjected to excessive force; (2) the jury's verdict was inconsistent; and (3) Anthony failed to overcome J. Martinez's entitlement to qualified immunity.

We review de novo the denial of a motion for JMOL. Green, 284 F.3d at 653. A JMOL may be rendered when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1); accord Green, 284 F.3d at 653. In considering a Rule 50(b) motion, we review all evidence in the record and "draw all reasonable inferences in favor of the nonmoving party." Green, 284 F.3d at 653 (internal quotation marks and citation omitted).

I

Excessive Force

J. Martinez argues that (1) there was no evidence that Anthony suffered any injuries as a result of the alleged assault, much less injuries that were more than de minimis; (2) J. Martinez used force only after Anthony refused to enter his cell, disobeyed orders to stop making aggressive movements, and threatened J. Martinez and another guard, Felipe Martinez (F. Martinez); (3) J. Martinez used only the minimum amount of force necessary to take Anthony to the ground and to preserve safety and security; (4) J. Martinez used such necessary force because, before the alleged assault, he had been informed that Anthony could escape from handcuffs and had assaulted other prison staff; and (5) before using any force, J.

2

Martinez had ordered Anthony to return to his cell and warned Anthony of the consequences if he refused this order.

To succeed on an excessive force claim, Anthony bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Williams v. Bramer, 180 F.3d 699, 703, clarified, 186 F.3d 633, 634 (5th Cir. 1999). The injury must be more than de minimis and must be evaluated in the context in which the force was employed. Id.

The trial testimony established that J. Martinez punched, kneed, and repeatedly struck Anthony with a tray slot bar while Anthony was on the ground, handcuffed, and under the control of J. Martinez and F. Martinez, prison guards. The trial testimony also established that during the assault, Anthony received injuries, including a bloody nose, bruises, and a knot on his head. And the trial testimony showed that Anthony sought medical care for a number of conditions, including seizures, migraine headaches, neck and back pain, problems controlling his bowels, and nerve damage and loss of feeling in his right hand, all allegedly caused by J. Martinez's assault.

Viewing the evidence and all reasonable inferences from it in favor of Anthony as the nonmoving party, and giving the deference due to the jury's credibility findings, there was a legally sufficient evidentiary basis for a reasonable jury to find that J. Martinez used force on Anthony that was clearly excessive and objectively unreasonable, and that J. Martinez injured Anthony

3

during this use of force.  See, e.g., Williams, 180 F.3d at 701-02, 704.  J. Martinez's claim that Anthony failed to establish excessive force is unavailing.

## II

## Inconsistent Verdict

J. Martinez contends that the jury's verdict was inconsistent because it found Anthony was not entitled to compensatory damages even though his civil rights were violated.  J. Martinez argues that it was thus error for the district court to award Anthony nominal damages.  These arguments too are meritless.

We have ruled that there is no inconsistency when a jury awards no compensatory damages despite finding a violation of an inmate's constitutional rights.  Archie v. Christian, 812 F.2d 250, 252 (5th Cir. 1987); Farrar v. Cain, 756 F.2d 1148, 1152 (5th Cir. 1985).  We have also ruled that when such findings are made by the jury, the district court may award nominal damages.  Archie, 812 F.2d at 252; Farrar, 756 F.2d at 1152.

## III

## Qualified Immunity

J. Martinez asserts that the jury erred when it denied his qualified immunity claim.  Prison guards like J. Martinez cannot be held liable for civil damages unless their conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known."  Wilkerson v. Stalder, 329 F.3d 431, 434 (5th Cir. 2003) (internal quotation marks and citation omitted).  As noted above, there was sufficient evidence

4

to support the jury's finding that J. Martinez used excessive force against Anthony in violation of his Eighth Amendment rights. At the time of the incident, it was clearly established that inmates have a constitutional right to be free from the use of excessive force. <u>See, e.g.</u>, <u>Hudson v. McMillian</u>, 503 U.S. 1, 5-10 (1992). J. Martinez's claim of qualified immunity was appropriately denied.

For the foregoing reasons, the district court's denial of JMOL, and the jury's verdict, are

AFFIRMED.