# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-30442
Summary Calendar

BYRON SIGNORELLI

Plaintiff-Appellant

v.

RICHARD STALDER, Secretary of Department of Corrections State of Louisiana; JERRY LARPENTER, Sheriff Terrebonne Parish; MARCEL J NULL, Warden; MARGIE WHITNEY, Nurse RICHARD NEAL, Medical Director

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-2859

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Byron Signorelli, Louisiana prisoner # 385493, appeals the dismissal of his 42 U.S.C. § 1983 suit alleging deliberate indifference to his serious medical needs. All parties agreed to proceed before the magistrate judge. We affirm.

Signorelli contends that the magistrate judge denied him due process by (1) denying him appointment of counsel; (2) denying him a FED. R. CIV. P. 26(f)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discovery conference; (3) denying two unspecified discovery motions; (4) denying him access to medical records from Chabert Medical Center; and (5) denying his motion for a default judgment.

Signorelli's case did not present "exceptional circumstances" warranting the appointment of counsel, see Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); consequently, he has not shown an abuse of discretion relative to the denial of his motion. See Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir. 2001). With regard to the denial of his Rule 26(f) motion, Signorelli has failed to show how he was prejudiced by that ruling. Consequently, any error on the part of the magistrate judge in denying his request was harmless. See FED. R. CIV. P. 61. Signorelli has inadequately briefed the remaining due process arguments, and, therefore, he has waived their review. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Signorelli additionally argues that the magistrate judge's summary judgment dismissal of Richard Stalder, Jerry Larpenter, and Marcel Null was erroneous. Supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may be held liable under § 1983 only if either (1) he was personally involved in the constitutional deprivation, or (2) there existed a causal connection between the supervisor's wrongful conduct and the constitutional violation. Id. at 304. Signorelli has identified no evidence of Stalder's, Larpenter's, or Null's personal involvement in his medical treatment. Therefore, he has not borne his burden of producing evidence "set[ting] forth specific facts showing that there is a genuine issue for trial," regarding their liability, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), and he has consequently shown no error on the part of the magistrate judge in dismissing them from the suit.

Finally, Signorelli challenges the magistrate judge's dismissal of his claim against Richard Neal following a bench trial. Signorelli, however, has failed to

provide (or request) a transcript of those proceedings. It is impossible to entertain the merits of his constitutional claim absent a trial transcript. See Farrar v. Cain, 756 F.2d 1148, 1152 (5th Cir. 1985).

AFFIRMED.