# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10342
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2018

Lyle W. Cayce
Clerk

TRENT TAYLOR,

> Plaintiff-Appellant Cross-Appellee

v.

MELISSA OLMSTEAD, Correctional Officer, Individually and in their official capacity,

> Defendant-Appellee Cross-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-149

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Trent Taylor, Texas prisoner # 1691384, has appealed the district court's judgment with respect to his lawsuit against prison guard Melissa Olmstead. Olmstead has cross appealed. The matter was tried before a jury, which found that Olmstead had violated Taylor's Eighth Amendment right against excessive force but that Taylor had not sustained compensable damages and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that an award of punitive damages was not appropriate.  Taylor complains that the district court erred in denying his motion for a new trial as to damages, and he asserts that the jury's take-nothing judgment was unjust.  He contends that the jury misinterpreted the court's instructions, which, he complains, were inconsistent and misleading.

Under Federal Rule of Civil Procedure 59(a)(1), a district court has discretion to grant a new trial to prevent an injustice.  *Seibert v. Jackson County*, 851 F.3d 430, 438 (5th Cir. 2017).  The district court's order denying a new trial is reviewed for an abuse of discretion and will be affirmed unless the party challenging the ruling has made a clear showing of "an absolute absence of evidence to support the jury's verdict."  *Id.* at 439 (internal quotation marks and citation omitted).  Because Taylor did not object to the district court's instructions, our review of those instructions is for plain error.  *See* FED. R. CIV. P. 51(d)(2).  We have "discretion to correct such an unpreserved error only if it is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Jimenez v. Wood Cty.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc) (internal quotation marks and citation omitted).

Where a jury gives inconsistent answers to special interrogatories, remand for a new trial is appropriate.  *Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978); *see also Williams v. Kaufman Cty.*, 352 F.3d 994, 1014 (5th Cir. 2003) ("[P]laintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury.").  There is no such inconsistency when a jury awards no compensatory damages, however, despite finding a violation of an inmate's constitutional rights.  *Archie v. Christian*, 812 F.2d 250, 252 (5th Cir. 1987).  The jury's

finding that Taylor had not sustained compensable damages has support in the record.  *See Seibert*, 851 F.3d at 438.

The district court instructed the jury properly that it had discretion in determining whether to impose punitive damages.  *See Williams*, 352 F.3d at 1014.  Contrary to Taylor's argument on appeal, the district court did not state or imply in its instructions that the jury could not award punitive damages if it failed to award compensatory damages.  The jury's negative responses to the court's interrogatories indicate that it did not believe that an award of punitive damages was appropriate.  *See id.*

Several of the instructions complained of by Taylor pertain to the question whether Olmstead violated Taylor's Eighth Amendment rights, which was an issue that was decided in Taylor's favor.  Accordingly, Taylor has not shown that his substantial rights were affected.  *See Jimenez*, 660 F.3d at 845.

Taylor has not shown that the jury's interrogatory responses were inconsistent or the product of erroneous or inconsistent instructions.  *See Willard*, 577 F.2d at 1011; *Archie*, 812 F.2d at 252.  Nor has he shown that the district court committed reversible plain error in instructing the jury or that it abused its discretion in denying the motion for a new trial.  *See Seibert*, 841 F.3d at 438; *Jimenez*, 660 F.3d at 845.  In accordance with our precedents, the judgment will be modified to include an award of nominal damages in the amount of one dollar.  *See Archie*, 812 F.2d at 252-53.

Taylor contends that the district court erred in excluding two of his exhibits from evidence.  Taylor has not shown that his substantial rights were affected, and no abuse of discretion has been shown.  *See Valdez v. Cockrell*, 274 F.3d 941, 957 (5th Cir. 2001).

Cross-appellant Olmstead contends that the district court erred in denying her motion for judgment as a matter of law.  She contends that the

district court erred in declining to give a qualified-immunity instruction and that the jury verdict was based on insufficient evidence. We "review the denial of a motion for judgment as a matter of law de novo but apply the same legal standard as the district court." *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016).

In refusing to give a qualified-immunity instruction, the district court noted that Olmstead had denied that she had used force against Taylor and that, accordingly, the reasonableness of her actions was not at issue. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Olmstead argues only that the question of her reasonableness should have been submitted to the jury. Olmstead's argument does not address the district court's reasoning and does not demonstrate that the district court erred.

Olmstead insists that Taylor did not provide a legally sufficient evidentiary basis in support of the jury's finding of excessive use of force. She asserts that a de minimis injury will not support such a finding. The jury found that Taylor suffered some harm as a result of Olmstead's use of force. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). It cannot be said that "the facts and inferences point so strongly and overwhelmingly in the [Olmstead's] favor that reasonable jurors could not reach a contrary conclusion." *OneBeacon*, 841 F.3d at 675 (internal quotation marks and citation omitted). The judgment is MODIFIED to award one dollar in nominal damages and AFFIRMED.