Harvey **RAMBO**, Plaintiff–Appellee,

v.

John **DALEY** and William McGinnis, Defendants–Appellants.

No. 94–3441.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 6, 1995.

Decided Oct. 27, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 15, 1995.

Charles E. Antonietti, Antonietti & Associates, Calumet City, IL, Ronald Kawanna, Jr. (argued), Lawrence P. Gulotta, Gulotta & Kawanna, Calumet City, IL, for Plaintiff–Appellee.

David Lincoln Ader (argued), John F. Donahue, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, for Defendants–Appellants.

Before CUDAHY, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, Harvey Rambo, filed a § 1983 suit against the defendant police officers, John Daley and William McGinnis, alleging that the officers violated the Fourth Amendment by using excessive force while effecting his arrest. The district court de-

nied the defendants' motion for summary judgment, based on a qualified immunity defense, and the officers filed an interlocutory appeal. We now dismiss their appeal for want of jurisdiction.

## I.

For the purposes of this appeal, we accept the plaintiff's version of the facts and draw all reasonable inferences in the plaintiff's favor. *Knox v. McGinnis*, 998 F.2d 1405, 1409 (7th Cir.1993). At approximately 10:00 p.m. on April 5, 1991, officer John Daley was patrolling the streets in Burnham, Illinois when he encountered a car driven by Harvey Rambo. Although Rambo was driving normally, Officer Daley followed Rambo across the nearby border into Hammond, Indiana. After Daley followed Rambo for approximately half a mile, Rambo entered a parking lot and stopped his vehicle.

Officer Daley pulled into the parking lot, left his car, and asked Rambo if he could see Rambo's driver's license. In response to the officer's request, Rambo stated that because he was in Hammond, Indiana, he would only comply with directives from Hammond police officers. Burnham police officer William McGinnis then arrived. Daley and McGinnis arrested and handcuffed Rambo, but Rambo refused to enter the Burnham squad car, protesting that Daley and McGinnis lacked authority in Indiana. Rambo demanded that Daley and McGinnis request the assistance of a local police officer. Rambo maintains that, in response to his request, one officer punched him, thereby fracturing his ribs, while the other officer pulled him into the squad car by his hair. At no time during the arrest did Rambo attempt to flee or become physically aggressive towards the Burnham police officers.

After the arrest Daley and McGinnis drove Rambo back to Burnham, Illinois, where he was charged with driving under the influence of alcohol and resisting arrest. He was released from police custody the night of his arrest and later received treatment for numbness in his wrist and broken ribs.

## II.

On appeal, the defendants challenge the district court's denial of summary judgment based on the defense of qualified immunity. The defendants argue that the district court erred in two respects. First, the defendants assert that they are shielded by qualified immunity because courts have not clearly established that police officers who make arrests outside their home state act under § 1983's "color of law" requirement. Second, the defendants contend that the plaintiff cannot prove a significant injury because Rambo has failed to produce competent evidence of his broken ribs. Defendants argue that qualified immunity should protect them because the lack of a significant injury demonstrates that the officers did not violate a clearly established constitutional right.

Under 28 U.S.C. § 1291, we have jurisdiction to hear appeals only from "final decisions" of district courts. Given this statute, interlocutory appeals are the "exception" and not the "rule." *Johnson v. Jones*, — U.S. —, —, 115 S.Ct. 2151, 2154, 132 L.Ed.2d 238 (1995). However, one large "exception" allows public officials asserting a defense of qualified immunity to appeal the denial of summary judgment where the issue on appeal is limited to "whether or not certain given facts show[ ] a violation of 'clearly established' law." *Johnson*, — U.S. at —, 115 S.Ct. at 2155; *accord Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

### A.

Under the objective standard articulated by the Supreme Court, public officials performing discretionary functions are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Daley and McGinnis contend that they are sheltered by qualified immunity because, when they arrested Rambo, the law was not clearly established that their actions were under color of state law. The defendants take the position

that they were acting as private citizens, rather than Illinois police officers, when they arrested Rambo in Indiana. Since a constitutional violation requires state action, the defendants maintain that they could not have violated a clearly established constitutional right.

As *Johnson* clarified, *Mitchell* permits interlocutory appeals only where the defendant is a public official asserting a defense of qualified immunity. *Johnson*, —— U.S. at ——, 115 S.Ct. at 2155; *Mitchell*, 472 U.S. at 527–28, 105 S.Ct. at 2816. Defendants cannot assert a defense of qualified immunity, thereby invoking our jurisdiction under *Mitchell*, by claiming that they acted as private citizens. *See Nelson v. Streeter*, 16 F.3d 145, 149 (7th Cir.1994) (holding that the defendants' argument that they acted as private citizens was "not properly before us" on interlocutory appeal).

■ The defendants' contention that they acted as private citizens when they arrested Rambo is inconsistent with their qualified immunity defense. Qualified immunity was designed to prevent the "distraction of officials from their governmental duties." *Harlow*, 457 U.S. at 816, 102 S.Ct. at 2737. The purpose of qualified immunity is "to safeguard government, and thereby to protect the public at large, not to benefit its agents." *Wyatt v. Cole*, 504 U.S. 158, 168, 112 S.Ct. 1827, 1833, 118 L.Ed.2d 504 (1992). Because of its narrow policy justifications, qualified immunity, as articulated in *Harlow*, is not available for private defendants who have acted under color of law. *Wyatt*, 504 U.S. at 168–69, 112 S.Ct. at 1833–34. Similarly, qualified immunity cannot protect public defendants, as in this case, who claim they have acted as "private citizens" rather than "public officials."

The defendants' argument closely parallels the one we recently rejected in *Nelson*. The defendants in *Nelson* argued that qualified immunity shielded them from liability because they had acted as private citizens when they committed the alleged constitutional violations. We concluded that "[i]f the defendants were not acting under color of state law, that is, as officials, they are not entitled to official immunity. Official immunity is for officials." *Nelson*, 16 F.3d at 149. Qualified immunity is simply unavailable to protect actions of government officials that are taken in their "private" and not their "official" capacity. Defendants cannot claim that they acted as private citizens while simultaneously seeking shelter under a doctrine that only protects public officials. Because the defendants' defense of qualified immunity is inconsistent with their contention that they did not act under color of state law, we cannot reach the merits of their argument.[1]

### B.

The defendants next contend that the plaintiff has failed to produce competent evidence of his broken ribs. The plaintiff submitted an affidavit stating that he sustained broken ribs and an unauthenticated medical bill documenting his treatment for broken ribs. The appellants argue that this evidence is insufficient to support the district court's finding, for purposes of summary judgment, that the plaintiff suffered broken ribs. Under the defendants' version of the facts, only limited force was applied to compel the plaintiff to enter the police vehicle. Given the lack of any significant injury to the plaintiff, the defendants argue that their actions were objectively reasonable under the Fourth Amendment. Therefore, the defendants conclude, they could not have violated any clearly established constitutional right.

■ In *Johnson v. Jones*, the Supreme Court stated that jurisdiction under *Mitchell* extends only to "whether or not certain given facts show[ ] a violation of 'clearly established' law." —— U.S. ——, ——, 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995). Thus,

---

1. We have used the terms "private citizens" and "public officials who do not act under color of law" interchangeably only for the purposes of this appeal. We note that in the related criminal case against Rambo, the defendants were found to have acted as "private citizens" when they arrested Rambo. The district court concluded that the "color of law" requirement under § 1983 was distinct from the private citizen determination made in the earlier proceeding. Because we do not reach the merits, we express no opinion regarding the preclusive effect of the prior ruling or the district court's construction of the "color of law" requirement.

we do not have jurisdiction to hear disputes regarding "which facts the parties might be able to prove." *Id.* Our prior precedent, consistent with *Johnson,* holds that we lack jurisdiction over a qualified immunity appeal that turns on a disputed factual issue. *Estate of Starks v. Enyart,* 5 F.3d 230, 232–33 (7th Cir.1993); *Hill v. Shelander,* 992 F.2d 714, 716 (7th Cir.1993); *Elliott v. Thomas,* 937 F.2d 338, 342 (7th Cir.1991). Therefore, if the defendants would not be entitled to qualified immunity under the plaintiff's version of the facts, we must dismiss the interlocutory appeal for want of jurisdiction. *Estate of Starks,* 5 F.3d at 233; *Hill,* 992 F.2d at 716.

 The defendant police officers are protected by qualified immunity if "a reasonable officer could have believed [the action taken was] lawful, in light of clearly established law and the information the officers possessed." *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). Under the Fourth Amendment, we look at the objective reasonableness of the police officers' actions to determine whether they used excessive force in effecting the arrest. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The defendants do not contend, nor could they, that under the plaintiff's version of the facts their actions could be considered objectively reasonable. The Constitution clearly does not allow police officers to force a handcuffed, passive suspect into a squad car by breaking his ribs. According to Rambo, he did not attempt to flee or physically resist Daley and McGinnis. Rambo merely asked the Illinois police officers, who were outside of their jurisdiction, to call for Indiana assistance. In response, Daley and McGinnis punched Rambo hard enough to fracture two of his ribs and pulled Rambo into the squad car by his hair. These actions were clearly not objectively reasonable under the Fourth Amendment's *Graham* standard.[2] No reasonable police officer could have believed

that the force used by the defendants was lawful.

Instead of presenting a legal issue on appeal, the defendants assert they applied "limited force" on Rambo, which caused an "insignificant injury." The defendants' argument rests completely on the alleged failure of the plaintiff to produce competent evidence of his broken ribs. The essential dispute, therefore, concerns whether the plaintiff's version of the facts is true. After the district court resolves this factual question and enters a final judgment, the defendants may appeal the district court's evidentiary rulings and factual determinations. However, on interlocutory appeal, the *Mitchell* exception does not allow us to hear disputes regarding which facts the parties might be able to prove at trial. *Johnson,* —— U.S. at ——, 115 S.Ct. at 2155. Indeed, the defendants' contention is indistinguishable from the precise factual issue we held unappealable in *Elliott v. Thomas.* In *Elliott,* the defendants argued that they did not use excessive force because the evidence was insufficient to conclude that they injured the plaintiff during his arrest. *Elliott,* 937 F.2d at 340. In the present case, Daley and McGinnis argue that they did not use excessive force because there is insufficient evidence to conclude that they broke Rambo's ribs. We simply do not have jurisdiction to review a contention of insufficient evidence on interlocutory appeal. *Johnson,* —— U.S. at ——, 115 S.Ct. at 2159. Therefore, because the merit of the qualified immunity defense turns on the sufficiency of the plaintiff's evidence, we dismiss this portion of the appeal for want of jurisdiction.

We DISMISS the appeal for lack of jurisdiction.

---

**2.** The defendants also argue that their actions were objectively reasonable as a matter of law because of the plaintiff's failure to produce competent evidence of a significant injury. However, our court has clearly held that significant injury is not required for Fourth Amendment excessive

force claims under *Graham. Titran v. Ackman,* 893 F.2d 145, 147 (7th Cir.1990). Regardless, this legal argument could not impact our conclusion. The plaintiff's injuries would certainly be significant under his own version of the facts.