# United States Court of Appeals
## For the First Circuit

No. 00-2224

DELANOT BASTIEN,

Plaintiff, Appellant,

v.

WILLIAM GODDARD,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,
Coffin, Senior Circuit Judge,
and Torruella, Circuit Judge.

Aderonke O. Lipede, with whom Stephen B. Hrones and Hrones & Garrity were on brief, for appellant.
Austin M. Joyce, with whom Edward P. Reardon was on brief, for appellee.

February 1, 2002

**COFFIN, <u>Senior Circuit Judge</u>.** Appellant Delanot Bastien claims that he is entitled to a new trial on his claim of excessive force against appellee William Goddard because the district court incorrectly instructed the jury that liability on an excessive force claim depended upon a finding of "serious" injury. We agree that the jury was improperly instructed and that the error was not harmless. We therefore reverse and remand for a retrial on that claim.

## I. <u>Factual Background</u>

We briefly review the facts as the jury could have found them, <u>see</u> <u>Ramos</u> v. <u>Davis & Geck, Inc.</u>, 167 F.3d 727, 730 (1st Cir. 1999), limiting our recitation to only so much of the episode underlying this case as is necessary to set the stage for our discussion. Appellant was ushered out of the Algiers Night Club in Worcester, Massachusetts, in the early hours of January 1, 1990 by four bouncers from the club and appellee, a Worcester police officer who was assigned to the club that night. The men told appellant that he had had too much to drink, although he maintained that he had drunk only half a beer. Appellant, who is black and of Haitian descent, complained to the men that he was being unfairly ejected from the club because of his race.

Outside the club, verbal interaction between appellant and the officer continued. A friend of appellant and another acquaintance came out of the club, and appellant repeated his allegation that he was unfairly forced to leave. Appellant realized that he had left his coat inside, and someone went in to retrieve it. A short time later, as appellant prepared to leave the scene, he asked for appellee's name and told the officer that he was going to the hospital for a blood test to prove that he was not intoxicated. Some additional words were exchanged,[1] and appellee then placed appellant under arrest. He was charged with disorderly conduct and disturbing the peace.

Appellant immediately complained that the handcuffs placed on him were too tight and causing pain. No adjustments were made,[2] and appellant testified that he experienced additional harm during the ride in the patrol wagon to the Worcester police station because the driver of the van continuously applied the brakes abruptly, causing him to bounce about the vehicle.

At the police station, appellant remained handcuffed for approximately four more hours, although he repeatedly requested

---

[1] Appellee contends that, once appellant had his coat, he became agitated and started swinging his arms.

[2] Appellee testified that he checked the handcuffs and determined that they were not too tight; appellant said the officer did not examine the handcuffs.

-4-

that the cuffs be removed or loosened. A videotape of appellant's booking was shown to the jury as evidence of his physical condition after the handcuffs were removed.[3] After posting bail, he went to the hospital and was diagnosed with probable "post traumatic/occlusive loss of sensation [in] both hands of temporary nature." Follow-up treatment was recommended. Other medical records indicated that he may have suffered a rotator cuff injury. Appellant testified that he experienced pain in his wrists for a few months.

About six months after the incident, the charges against appellant were dismissed. He subsequently filed this suit claiming that appellee had violated his constitutional rights by falsely arresting him and using excessive force.[4]

At trial, the court instructed the jurors that they must find that appellant suffered "serious injury" to find appellee

_____

[3] The videotape was not made part of the record on appeal. In his brief, appellant states that the tape shows that when he was released from the handcuffs, "he was in such pain that he was unable to dial a telephone number and lift the telephone receiver." Appellee does not in his brief dispute this characterization of the tape. At argument, his counsel suggested that the jury could have found that appellant was "hamming it up for the camera."

[4] Appellant originally named multiple defendants, including the City of Worcester, but all besides Goddard were eliminated from the case before trial. In addition, appellant voluntarily dismissed a state tort claim for malicious prosecution before the jury deliberated. Federal and state civil rights claims were merged.

liable for excessive force.  The jury returned a verdict in favor of appellant on the false arrest claim, but found no liability on the excessive force claim.  On appeal, Bastien challenges only the court's instruction on excessive force.

## II. Discussion

Appellant argues that the district court erred by imposing a "serious" injury requirement on the excessive force claim. His counsel initially pressed this argument at a charging conference outside the jury's presence, asserting that that was not the standard for excessive force.  The trial judge disagreed, noting that he nearly directed a verdict on that claim "because of the issue of serious, permanent injury." Counsel renewed the objection following the charge: "I would also like to state an objection as to the Court's charge that Mr. Bastien be required to prove that he had a serious injury as a result of the excessive force used by Mr. Goddard."

Preliminarily, we address appellee's contention that the issue was not properly preserved.  He contends that appellant "stated no grounds for the objection" and failed to direct the court to any authority that might cause it to reconsider.  We disagree that counsel's effort to alert the court was deficient. An attorney's obligation is to "stat[e] distinctly the matter objected to and the grounds of the objection," see Fed. R. Civ.

P. 51, so that the trial judge has the opportunity to reconsider and correct any error, <u>Drohan</u> v. <u>Vaughn</u>, 176 F.3d 17, 21 n.1 (lst Cir. 1999); <u>see</u> <u>also</u> <u>Wilson</u> v. <u>Maritime Overseas Corp.</u>, 150 F.3d 1, 7 (lst Cir. 1998) ("The emphasis is not on the form of objections, but rather on ensuring that the trial court had actual notice of the nature and grounds of the objection.").

At the conference, counsel directly asserted that the standard for excessive force did not include a finding of serious injury. There was no imprecision in the objection and no confusion on the part of the court; to the contrary, the judge contradicted counsel's statement of the law, to which the attorney responded, "Okay. Note my objection." When the court actually gave the charge, appellant's attorney repeated her objection to the requirement that Bastien show serious injury.

Appellee has cited no cases holding that, in addition to a clearly stated objection, counsel must provide the court, on the spot, with the legal research underlying her position. It would be ideal, of course, if an attorney lodging an objection offered the court photocopies of cases or citations to the precedent substantiating her contention that the court had erred. Placing such an obligation on an attorney immersed in daily trial preparations, however, strikes us as wholly unreasonable. By its terms, Rule 51 does not require an attorney to be prepared

at the time of trial to fully litigate his objection; the crucial requirement is to provide the court with an adequate understanding of the asserted flaw in its charge. That obligation was met here.

Having concluded that appellant sufficiently preserved his objection, we turn to the merits and review the contested instruction de novo. See Ponce v. Ashford Presbyterian Comm. Hosp., 238 F.3d 20, 24 (1st Cir. 2001). Our inquiry quickly reveals that appellant is correct that liability may be imposed for the use of excessive force even in the absence of a serious injury. Excessive force claims arising out of arrests are analyzed under the Fourth Amendment's protection against unreasonable seizures, see Graham v. Connor, 490 U.S. 386, 394-95 (1989), and the plaintiff

> must demonstrate that the police defendant's actions
> were not objectively reasonable, viewed in light of
> the facts and circumstances confronting him and
> without regard to his underlying intent or motivation.

Alexis v. McDonald's Rests. of Mass., 67 F.3d 341, 352 (1st Cir. 1995) (citing Graham, 490 U.S. at 397). The relevant circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

-8-

Although the severity of the injury also may be considered, see, e.g., Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991),[5] we have stated explicitly that a "serious injury" is not a prerequisite to recovery:

> [A] trialworthy "excessive force" claim is not precluded merely because only minor injuries were inflicted by the seizure. See Lester [v. Chicago], 830 F.2d [706,] 714 [(7th Cir. 1987)] (finding reversible error in district court "excessive force" instruction which required jury to find "severe injury," thus may have led jury to find for defendant where plaintiff's physical injuries consisted only of bruises); see also Harper v. Harris County, 21 F.3d 597, 600 (5th Cir. 1994) (holding that plaintiff need not prove "significant injury" to assert Fourth Amendment "excessive force" claim).

Alexis, 67 F.3d at 353 n.11.[6]  That view is widely held.  See, e.g., Kostrzewa v. City of Troy, 247 F.3d 633, 639 (6th Cir.

---

[5]  Our discussion in Dean illustrates that the nature of the injury is only one among multiple factors to be considered in evaluating an excessive force claim.  After examining other factors, we observed that the reasonableness of the force used there was confirmed by "compelling evidence that [plaintiff's] alleged injuries . . . were minor."  Thus, plaintiff's claim failed not because minor injuries are per se insufficient but because they were insufficient to trigger an inference of excessive force in that context: "the 'tense, uncertain, and rapidly evolving circumstances' . . . surrounding the reasonably perceived need to subdue an armed felon on a busy city street." See 924 F.2d at 639 (quoting Graham, 490 U.S. at 397).

[6] Our conclusion in the Fourth Amendment context follows the Supreme Court's explicit overruling of the "significant injury" requirement in the parallel setting of excessive force claims brought by prisoners under the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The Court there stated that "[t]he absence of serious injury is . . . relevant to the . . . inquiry, but does not end it."

2001) (excessive force claims can be maintained regardless of whether injuries "left physical marks or caused extensive physical damage," including, as in that case, when individual's wrists are cuffed too tightly); Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001);[7] Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir.), vacated and remanded on other grounds by 122 S. Ct. 24 (2001) ("[W]hether the use of force poses a risk of permanent or significant injury is a factor to be considered in evaluating the need for the force used in a particular case – but it is certainly not dispositive."); Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999) (circuit has rejected the "significant injury"

---

[7] In Glenn, the Fifth Circuit rejected a claim based on tight handcuffing where the plaintiff's sole complaint was that one wrist had become swollen, stating that "handcuffing too tightly, without more, does not amount to excessive force." See 242 F.3d at 314 (emphasis added). The court, however, reaffirmed the circuit's view that a showing of "significant injury" is not required to prove excessive force. See id. Rather, "[t]he injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." Id. Thus, whether an injury is "de minimis" is itself dependent upon the particular facts of the case. See Williams v. Bramer, 180 F.3d 699, 703-04, clarified on reh'g, 186 F.3d 633 (5th Cir. 1999) ("[T]he amount of injury necessary to satisfy our requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." (citation omitted)); cf. Neague v. Cynkar, 258 F.3d 504, 508 (6th Cir. 2001) ("[W]hen there is no allegation of physical injury, the handcuffing of an individual incident to a lawful arrest is insufficient as a matter of law to state a claim of excessive force . . . .") (footnote omitted).

-10-

requirement for excessive force claims, requiring instead "actual injury"); <u>Rambo</u> v. <u>Daley</u>, 68 F.3d 203, 207 n.2 (7th Cir. 1995) (significant injury not required for Fourth Amendment excessive force claims); <u>Wardlaw</u> v. <u>Pickett</u>, 1 F.3d 1297, 1304 n.7 (D.C. Cir. 1993) (severity of injury a "relevant factor," but "we do not suggest that an individual <u>must</u> suffer significant injuries in order for the force used to be unreasonable").

Appellee asserts that the court's charge effectively communicated the correct standard, despite the statement that the jury must find a serious injury to find an unreasonable use of force.[8]  He contends that, because the court distinguished

---

[8] The court's entire charge on excessive force was as follows:

> Mr. Bastien alleges that Mr. Goddard used excessive force against him by putting handcuffs on him in an abusive manner; that is, Mr. Goddard placed the handcuffs on him too tightly and refused to loosen them when he complained.

> Now, not every wrongful act allegedly committed by an individual rises to the level of a constitutional violation.  A police officer is entitled to use such force as a reasonable person would think is required to take someone arrested into custody, and this may include such physical force as is reasonably necessary to accomplish this lawful purpose.  Whether a specific use of force is excessive turns on factors such as the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting or fleeing.

mere discomfort or pain from the type of injury necessary to establish excessive force, the jury understood that "serious" injury could be anything other than de minimis impacts. In appellee's view, the jury verdict reflected a credibility judgment that Bastien was not as seriously injured as he claimed, not a conclusion that his injuries were insufficiently substantial to qualify as "serious."

While the instruction and verdict may be susceptible to this interpretation, we think it more likely that the jurors would focus on the requirement of "serious" injury independently,

---

You should also consider whether Mr. Bastien suffered a serious injury as a result of the amount of force used by Mr. Goddard. If the application of handcuffs was merely uncomfortable or caused pain, that is insufficient to constitute excessive force. Therefore, if you find that Mr. Bastien did not suffer a serious injury as a result of being handcuffed by Mr. Goddard, then you must find that the force which Mr. Goddard used against Mr. Bastien was reasonable.

The reasonableness of the use of force must be judged from the perspective of a reasonable officer at the scene. Thus, in order to determine whether Mr. Goddard violated Mr. Bastien's right to be free from the use of excessive force, you must consider whether Mr. Goddard's actions were objectively reasonable in light of the facts and circumstances confronting him without regard to his underlying motive or intent. An officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose. Thus, if you find that Mr. Goddard used greater force that was reasonably necessary in the circumstances of this case, you must find Mr. Goddard liable for a violation of Mr. Bastien's rights. (Emphasis added.)

-12-

viewing the court's reference to particular kinds of non-serious harm simply as examples of injuries that were not serious. Certainly, jurors giving an ordinary meaning to the word "serious" could conclude that an individual who suffered harms beyond mere pain or discomfort had not necessarily suffered a "serious injury."

Appellee acknowledges that Bastien offered testimony and medical records tending to establish – if believed – that he suffered more than discomfort or pain.  See supra at 3-4. Jurors were told that that evidence was enough to establish liability only if appellant's injury could be termed "serious." Jurors instead should have considered only whether the officer's actions were unreasonably severe for the circumstances.

Such an error entitles appellant to a new trial on his claim only if it had a prejudicial effect.  See Tiller v. Baghdady, 244 F.3d 9, 15 (1st Cir. 2001) ("An error is harmless when 'we can say with fair assurance . . . that the judgment was not substantially swayed by the error.'" (citations omitted)); Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 8 (1st Cir. 2001) (preserved instructional error subject to harmless error review; see also Fed. R. Civ. P. 61. The jurors determined that appellant was improperly subjected to arrest, and they thus implicitly found that he should not have been restrained at all;

-13-

we therefore cannot say "with fair assurance" that, if properly instructed, the jury would have rejected appellant's contention that his lengthy, painful handcuffing, which had lingering physical effects, amounted to unreasonable force in the particular circumstances.  The error therefore cannot be deemed harmless.

The judgment of the district court is vacated, and the case is remanded for a new trial on the excessive force claim.