NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2014[*]
Decided June 30, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3568

| | |
|---|---|
| STEVEN GREEN,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 12-cv-761-wmc |
| STEVEN T. CHVALA, et al.,<br>    *Defendants-Appellees.* | William M. Conley,<br>*Chief Judge.* |

**O R D E R**

Steven Green sued the Dane County Sheriff's Department, the Madison Police Department, and several of their police officers for excessive force in violation of the Fourth Amendment. *See* 42 U.S.C. § 1983. The district court concluded that Green's principal claims against Officers Bradley Schroeder and Steven Chvala were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court relied on his conviction for recklessly

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

endangering safety, WIS. STAT. § 941.30(2), which stemmed from the same course of events underlying his civil suit. We conclude, however, that these claims are compatible with *Heck*. Thus we vacate in part and remand to the district court.

In this appeal we assume the truth of the facts alleged in Green's complaint, and to the extent they are consistent with the complaint, any elaboration of those facts in his appellate brief. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999). On September 4, 2010, as Green was pulling away from a stop sign, Officer Schroeder's squad car approached Green and activated its lights. Green pulled into a nearby lot, promptly backed out of it, and slowly drove past Schroeder. Schroeder responded by opening fire on Green's car, and bullets shattered the passenger and back windows. Fearing for his life, Green then sped away. Later that day, two officers apprehended Green, now on foot, at gunpoint. While Green was lying motionless and handcuffed on the ground, a third officer, Steven Chvala, came over and "kneed" him in the ribs as the other officers watched. Several months later Green pleaded no contest and was convicted of WIS. STAT. § 941.30(2), for "second degree recklessly endangering safety" for conduct committed on the date of his arrest.

Green brings claims against Schroeder for the shooting, against Chvala for the kneeing, against the other officers for failure to stop the kneeing, and against municipal departments for failure to train officers on proper force. At screening the district court dismissed each of Green's claims for failing to state a claim for relief under § 1983. *See* 28 U.S.C. § 1915A. First, the court concluded that Green's excessive-force claim against Schroeder was barred by *Heck* because Green's allegation that he posed no immediate safety threat (thus making the use of deadly force unreasonable) could not be reconciled with Green's conviction under § 941.30(2) for recklessly endangering others. Concerning Green's claim against Chvala for kneeing him, and against the others for not stopping it, the court concluded that the force was justified. It reasoned that the officers could anticipate further resistance from Green given his recent flight, which *Heck* prevented Green from denying. Lastly, the court concluded that Green's claims against the Madison Police Department and Dane County Sheriff's Department must be dismissed because neither has the legal capacity to be sued.

On appeal Green first argues that his excessive-force claim against Officer Schroeder is compatible with his conviction for two reasons. First, he maintains, Schroeder shot at his car *before* he sped off in a manner that, according to the conviction, was reckless. Second, he contends that because he pleaded no contest under *North Carolina v. Alford*, 400 U.S. 25 (1970), he did not admit to reckless driving.

We begin our analysis by observing that Green's *Alford* plea does not nullify the *Heck* bar or its application to reckless driving. Like any plea, an *Alford* plea results in a conviction to which *Heck* applies. *Ballard v. Burton*, 444 F.3d 391, 396–97 (5th Cir. 2006). Moreover, under *Heck*, Green may not pursue any claim that would necessarily imply the invalidity of his conviction. *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Green was convicted of recklessly endangering others by speeding away from the officer, and an officer may reasonably use deadly force when a suspect "poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985); *see also Plumhoff v. Rickard*, 134 S. Ct. 2012, 2021–22 (2014). Thus, *Heck* would bar any allegation that Schroeder used excessive force after Green began driving recklessly under § 941.30(2), the offense of conviction.

But *Heck* does not bar Green's claim here because, construing his allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we understand him to allege that Schroeder used deadly force *before* the reckless driving that led to his conviction. Green alleges that Schroeder fired at him as he slowly drove past Schroeder, before he sped away. *Heck* does not bar that claim because, if it did, then resistance that did not jeopardize safety, such as the low-speed driving that Green describes, would invite the police "to inflict any reaction or retribution they choose." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (citation and quotation marks omitted); *see also Hardrick v. City of Bolingbrook*, 522 F.3d 758, 763–64 (7th Cir. 2008) (remanding excessive-force case dismissed under *Heck*; allegation that police used excessive force *before* plaintiff resisted arrest was not inconsistent with conviction for resisting police). We caution, though, that Green survives *Heck* only if, as his complaint implies, the conviction is for conduct that occurred after the shooting.

Although *Heck* does not bar his claim, we see a different problem with Green's claim: The shots fired did not produce a "seizure" under the Fourth Amendment. A Fourth Amendment seizure occurs "when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 596–597 (1989) (emphasis deleted); *see California v. Hodari D.*, 499 U.S. 621, 628–29 (1991); *see also Marion v. City of Corydon, Ind.*, 559 F.3d 700, 705 (7th Cir. 2009) (analyzing excessive-force claim at point where police "finally terminated" high-speed chase). If, as Green contends, he sped away after Officer Schroeder fired the second shot, then Green was not seized by that force because he was not "stopped by the very instrumentality set in motion or put in place to achieve that result." *Brower*, 489 U.S. at 599. Accordingly the Fourth Amendment does not apply here.

Although Green's claim against Officer Schroeder is not governed by the Fourth Amendment, it may go forward under the Fourteenth Amendment. The substantive component of the Due Process Clause protects citizens from law enforcement conduct that shocks the conscience. *See Rochin v. California,* 342 U.S. 165, 172 (1952); *Palka v. Shelton,* 623 F.3d 447, 453–54 (7th Cir. 2010). This standard is met only by "conduct intended to injure in some way unjustifiable by any government interest." *County of Sacramento v. Lewis,* 523 U.S. 833, 849, 854 (1998); *see Steen v. Myers,* 486 F.3d 1017, 1023 (7th Cir. 2007). A traffic stop, and the pursuit of a person who refuses to stop, are legitimate government interests. But when pursuing a vehicle to make a stop, an officer can violate the Fourteenth Amendment if the officer intends deadly harm not justified by the stop or the pursuit. *See Steen,* 486 F.3d at 1024; *A.D. v. Ca. Highway Patrol,* 712 F.3d 446, 450–51, 458 (9th Cir. 2013) (affirming jury verdict on substantive due-process claim against officer for shooting at driver who was no longer fleeing, trapped in a dead-end zone, and driving slowly). Because Green has alleged that Officer Schroeder shot at his slowly moving car, not to enforce a government interest, but to kill him, the allegations state a Fourteenth Amendment claim.

Green's next contention is that his excessive-force claim against Officer Chvala for kneeing him in the ribs should go forward, and we conclude that here too Green states a claim. "An officer's use of force is unreasonable from a constitutional point of view if, judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009) (citation and quotation marks omitted). Significant force may not be used on nonresisting or passively resisting suspects. *Abbott v. Sangamon County, Ill.,* 705 F.3d 706, 732 (7th Cir. 2013). The district court reasoned that Chvala's action was justified because he could have anticipated further resistance based on Green's earlier flight. But Green alleges that when Chvala kneed him, he was already handcuffed at gunpoint and motionless on the ground, no longer capable of resisting. "[A]s the threat changes, so too should the degree of force." *Cyrus v. Town of Mukwonago,* 624 F.3d 856, 863 (7th Cir. 2010). Thus once a suspected is subdued, violent force can be excessive. *See Holmes v. Vill. of Hoffman Estates,* 511 F.3d 673, 686 (7th Cir. 2007) (concluding that allegation that officer slammed head of nonresisting suspect against car roof supported claim for excessive force); *Rambo v. Daley,* 68 F.3d 203, 207 (7th Cir. 1995) (opining that it would be excessive force to punch passive, handcuffed suspect in ribs to propel him into squad car). Because Green has alleged that Chvala applied significant force after he was unable to resist, he states a claim for relief.

Next, Green maintains that the other officers on the scene had a reasonable opportunity to stop Officer Chvala and, thus, their failure to intervene was impermissible under the Fourth Amendment. We disagree. Officers may be liable for failing to take reasonable steps to stop the use of excessive force by a fellow officer only if the officers "had a realistic opportunity to intervene to prevent the harm from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). But Green asserted that Chvala kneed him just once and stopped, so there was no chance for the officers to step in and no need to warn Chvala to stop. *See Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Lastly, Green presses the merits of his claims brought against the Madison Police Department and Dane County Sheriff's Department for inadequately training the defendant officers. But the district court correctly concluded that those entities, as departments of government units, cannot be sued under § 1983. *See Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 704 (7th Cir. 2004).

Accordingly, the judgment with respect to Green's Fourth Amendment claim against Officer Chvala and Fourteenth Amendment claim against Officer Schroeder are **VACATED** and **REMANDED** for further proceedings. In all other aspects the judgment is **AFFIRMED.**