Sir WILLIAMS, Plaintiff–Appellant,

v.

Michael L. BRAMER; Jay C. Angelino; City of Dallas Police Dept., Defendants–Appellees.

No. 98–10254.

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1999.

William Todd Hughey, Law Offices of William T. Hughey, Dallas, TX, for Plaintiff–Appellant.

Tatia R. Randolph, Mark E. Goldstucker, Dallas, TX, for Defendants–Appellees.

Before REAVLEY, JOLLY and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM.

We treat the petition for Rehearing En Banc on behalf of Michael Bramer as a Petition for Panel Rehearing and make the following clarification to the opinion.

In his petition for rehearing en banc, Bramer calls attention to our finding that he acted with malice in choking Williams. Bramer argues that a finding of malice is incompatible with Fourth Amendment analysis as "subjective motivations of the individual officers . . . [have] no bearing on whether a particular seizure is 'unreasonable' under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

We should make clear that we did not find that Officer Bramer choked Williams out of malice. For that matter, we did not find that Officer Bramer even choked Williams. Instead, we merely noted that, because the appeal came to us on a ruling for summary judgment, we had to assume for purposes of the appeal that the facts adequately alleged by Williams were true.

On rehearing, Bramer is quite correct that his subjective intent is irrelevant to the Fourth Amendment analysis. When, however, we stated that, based on the allegations before us, we had to conclude that the second choking was motivated solely by malice, we meant to call attention not to his subjective intent but instead the absence of any valid reason for him to continue physical contact with Williams. Based on the procedural posture of the appeal, we had to assume that Bramer, after conducting a search of Williams and while detaining him in his official capacity, choked him for no apparent law enforce-ment related purpose. Regardless of whether that conduct is motivated by malice or some other sentiment, it is sufficient to permit Williams to allege a Fourth Amendment violation in this instance.

In all other respects, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED.R.APP.P. and 5TH CIR.R. 35) the Petition for Rehearing En Banc is DENIED.