IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20947
Summary Calendar

_____

HAROLD DELL JOYCE,

Plaintiff-Appellant,

versus

CORRECTION CORPORATION OF AMERICA;
FRED JOACHIM; ERIK LARSON; D. JOINER,
Lieutenant; JAMES CABINESS; J. BALDWIN,
Lieutenant; D. DANAS; D. KIMBILL; A. TAYLOR,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-3903
--------------------
August 4, 2000

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Harold Dell Joyce, Oregon prisoner # 6738204, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 civil rights lawsuit against Correction Corporation of America ("CCA"), a facility in Texas where he was temporarily housed, and several CCA officers, alleging that they had violated his Eighth Amendment rights by providing him with inadequate conditions of confinement, subjecting him to the use of excessive force, and denying him adequate medical care. The district court also dismissed Joyce's claims against certain named defendants

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 28 U.S.C. § 1915(e)(2).

On appeal, Joyce briefs only the dismissal of his excessive-force and denial-of-medical care claims. His claim that the officers violated his Eighth Amendment rights by providing inadequate conditions of confinement is therefore waived, as is any argument that the district court erred in dismissing his claims against the other named defendants, pursuant to § 1915(e)(2). See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a).

Joyce has failed to demonstrate any error on the district court's part. In connection with his excessive-force claim, he argues that the district court mistakenly required him to show more than de minimis injury. As the district court determined, the summary-judgment evidence shows that Joyce suffered, at most, a de minimis injury. See, e.g., Williams v. Bramer, 180 F.3d 699, 704 (5th Cir. 1999), clarified on other grounds, 186 F.3d 633, 634 (5th Cir. 1999). Nevertheless, Joyce is correct that the absence of serious injury will not preclude relief under the Eighth Amendment if the defendants acted maliciously with the intent to cause harm. See id.; Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). However, as the district court also determined, the competent summary-judgment evidence shows that the defendants used de minimis force in a good-faith effort to restore discipline and ensure their safety, and dismissal of the excessive-force claim was thus not error. See Hudson v. McMillan, 503 U.S. 1, 7 (1992); Fed. R. Civ. P. 56(c).

Joyce next argues that the district court erred in

dismissing his denial-of-medical-care claim because there was a material factual dispute regarding whether he received medical treatment following the use of force.  The defendants presented affidavit testimony, incident reports, and medical records which demonstrated that Joyce was examined by a nurse, who concluded that no medical treatment was required.  Although Joyce submitted conclusional affidavit testimony that he had not been seen by a nurse, it was insufficient to create a factual dispute.  See Prytania Park Hotel, Ltd. v. General Star Indem. Co., 179 F.3d 169, 180 (5th Cir. 1999).  Moreover, the testimony was undermined by his own admission, in his cross-motion for summary judgment, that he had been seen by a nurse.  The true nature of his complaint appears to be that the defendants were deliberately indifferent in denying his subsequent requests for medical treatment.  However, Joyce presented no evidence of a serious medical need or that the defendants were aware of his medical needs and deliberately disregarded the risk created by serious need by failing to take reasonable measures to abate it.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Because there was not a factual dispute regarding whether Joyce received medical treatment following the use of force or whether Joyce subsequently requested medical treatment for a serious medical need and was denied, summary-judgment dismissal of the denial-of-medical-care claim was appropriate.  See Farmer, 511 U.S. at 847; Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Fed. R. Civ. P. 56(c).

AFFIRMED.