IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11083
Summary Calendar
_____

FAYE NELL FLATT, executrix
of the estate of Johnny Dee Flatt,

                                        Plaintiff-Appellant,

versus

CITY OF LANCASTER; E. R. BEAMAN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2945-M
--------------------
July 31, 2001

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Faye Nell Flatt, executrix of the estate of Johnny Dee Flatt
(decedent), appeals the district court's grant of summary
judgment for the defendants.

        Flatt argues that a dispute exists as to a material fact
affecting the legal analysis for the issues of excessive force,
qualified immunity, and substantive due process.  She contends
that the district court erred in concluding that it was
undisputed that the decedent pointed his handgun at Officer E.R.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Beaman before Beaman fatally shot the decedent.  Our independent review of the summary-judgment evidence fails to reveal a genuine dispute of a material fact.  Witnesses to the shooting, Roderick Singleton and Matthew Holman, indicated through written statements, declarations, and depositions that the decedent pointed his firearm at Beaman and that Beaman then fired.  Singleton's version of events does not support the appellant's theory that Beaman initially shot the decedent in the back.  Singleton's testimony contradicts the statements and testimony from the other eyewitnesses in only a minor respect:  Singleton's description of the position of the three officers and the decedent placed the officers at a slightly different angle in relation to the decedent's vehicle from the descriptions given by Holman or the officers.

"[A] claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable."  Williams v. Bramer, 180 F.3d 699, 703 (5th Cir.), clarified on reh'g, 186 F.3d 633 (5th Cir. 1999).  From the undisputed material facts of the encounter between the decedent and the officers, we conclude that the force used by Beaman was objectively reasonable, and Beaman is entitled to qualified immunity.  See Colston v. Barnhart, 130 F.3d 96, 99-100 (5th Cir. 1997).

To the extent that the appellant argues that substantive due process was violated by the shooting of the decedent, substantive

due process was not implicated by the tragic events of February 28, 1998. "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." Graham v. Connor, 490 U.S. 386, 395 (1989); see County of Sacramento v. Lewis, 523 U.S. 833, 842-44 (1998).

The district court did not err in granting summary judgment for the defendants.

AFFIRMED.