IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30414
Summary Calendar

_____


ANDRE C. LEWIS,

Plaintiff-Appellant,

versus

CITY OF SHREVEPORT; A. J. PRICE, Individually
and as an employee of the City of Shreveport;
M. SANDERLIN, Individually and as an employee
of the City of Shreveport; E. SWARTOUT,
Individually and as an employee of the City of
Shreveport; STEVE PRATOR, Individually and as
an employee of the City of Shreveport,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1613
_____

December 11, 2001
Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Andre C. Lewis appeals an adverse grant of summary judgment based, in part, on the qualified-immunity doctrine.

Lewis alleged that the defendant police officers falsely arrested him for simple battery after the mother of his child and several of the mother's friends told the officers that Lewis had physically abused the child during a custody dispute. The district court did not err in granting summary judgment on the basis of qualified immunity. A reasonable police officer could have believed that Lewis had committed simple battery and that there was thus probable cause for his arrest.[1]

Lewis has not demonstrated that a genuine issue of material fact existed as to his excessive-force claim,alleging only that officers "grabbed" and "twisted" him. There is no allegation respecting the amount of force used or the nature of injuries sustained.[2]

Although the defendants and the trial court considered Lewis' allegations within a malicious-prosecution framework, Lewis raises a malicious-prosecution claim for the first time on appeal. To the extent that he does, he has not established the required plain error,[3] for he has fallen far short of establishing the seven elements mandated for a constitutional malicious-prosecution claim.[4]

In his brief Lewis summarily contends that the defendants' actions violated his rights under several state-law theories of recovery, including false arrest, false

---

[1]Hayter v. City of Mt. Vernon, 154 F.3d 269 (5th Cir. 1998); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Brown v. Board of Commr's of Bryan County, Ok., 67 F.3d 1174 (5th Cir. 1995); Brown v. Lyford, 243 F.3d 185 (5th Cir.), cert. denied, 122 S. Ct. 46 (2001).

[2]Williams v. Bramer, 180 F.3d 699, clarified, 186 F.3d 633 (5th Cir. 1999).

[3]Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

[4]Brown, 243 F.3d at 189.

imprisonment, defamation, malicious prosecution, and negligence.  He cites no state authority supporting a recovery under these theories.  His failure to brief these issues constitutes an abandonment of these claims on appeal.[5]

Further, Lewis' claims against defendants Police Chief Prator and the City of Shreveport are unavailing because supervisors and municipalities may not be held liable on a mere respondeat superior theory.[6]

Finally, Lewis has failed to allege that the defendants conspired to violate his equal protection rights under 42 U.S.C. § 1985(3),[7] and he has abandoned any claim under 42 U.S.C. § 1981 by failing to brief same on appeal.[8]

The judgment of the district court is AFFIRMED.

---

[5]Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

[6]Colle v. Brazos County, Tex., 981 F.2d 237, 244 (5th Cir. 1993); Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 550 (5th Cir. 1997).

[7]Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994).

[8]Yohey, 985 F.2d at 224-25.