IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10072
Summary Calendar
_____

GARY L. BRADSHAW,

                                        Plaintiff-Appellant,

versus

UNKNOWN LIEUTENANT, Texas Department of Criminal Justice Officer;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION
OFFICIALS, ADMINISTRATION; UNKNOWN MANUFACTURER OF CHEMICAL
AGENT; LESLIE WOODS, Warden; UNKNOWN NURSE, Allred Unit; UNIT
HEALTH ADMINISTRATOR, Allred Unit; A. MCNULTY, Officer; NFN
WILLS, Captain;  NFN SMITH; JOHN DOE, #2, Step 2 Grievance
Person; JOHN DOE, #3, Step 3 Grievance Person; INTERNAL AFFAIRS
DEPARTMENT; CHIEF, Internal Affairs Division; TOMMY L. NORWOOD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-156-R
--------------------
August 21, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

       Gary L. Bradshaw, Texas prisoner # 413854, has filed a

motion for leave to proceed in forma pauperis (IFP) on appeal,

following the district court's dismissal of his 42 U.S.C. § 1983

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). By moving for IFP status, Bradshaw is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Bradshaw has not shown that he will raise a nonfrivolous issue on appeal. Bradshaw alleged that the district court abused its discretion in dismissing his claim that Norwood used excessive force against him; he alleged that Norwood sprayed him with mace when he refused to accept his new cell assignment because he did not want to live with a white inmate. Bradshaw alleged that he suffered burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation of his nose and throat, blistering of his skin, rapid heartbeat, mental anguish, shock and fear as a result of the use of mace. He has not shown that he suffered more than a *de minimis* injury or that the force used by Norwood was objectively unreasonable under the circumstances. See Williams v. Bramer, 180 F.3d 699, 703, clarified on reh'g, 186 F.3d 633, 634 (5th Cir. 1999); Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996).

Bradshaw argues that the district court abused its discretion in dismissing as frivolous his claim that he was denied adequate medical care after the use of mace. Bradshaw acknowledges that the nurse examined him and determined that he did not need medical care. His disagreement with the nurse's

assessment is insufficient to establish an unconstitutional denial of medical care.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Bradshaw argues that the district court abused its discretion in dismissing as frivolous his claim that prison officials filed false disciplinary charges against him as a result of this incident.  Because Bradshaw has not shown that the disciplinary action has been reversed, this claim is not cognizable under 42 U.S.C. § 1983.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Bradshaw argues that the manufacturer of the mace was negligent because it designed a dangerous product without adequate testing and without instructing prison officials concerning how to use it or how to decontaminate people after it had been used.  Bradshaw's claim is not cognizable under 42 U.S.C. § 1983 because the manufacturer is not a state actor and because negligence does not give rise to a 42 U.S.C. § 1983 action.  See Daniels v. Williams, 474 U.S. 327, 332-36 (1986); Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994).

Because Bradshaw has not shown that the district court erred in certifying that his appeal is not taken in good faith, his request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Bradshaw is cautioned that the district court's dismissal of this action and this court's dismissal of this appeal both count as "strikes" pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Bradshaw is advised that if he accumulates three strikes, he will be barred from bringing a civil action or an appeal proceeding IFP unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Bradshaw is also advised to review any pending pleadings or appeals to ensure that they do not raise any frivolous claims.  Bradshaw's "motion for appointment of counsel and additional time" is also DENIED.