**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-30024
_____

JACKIE NOLEN,

Plaintiff-Appellant,

versus

MINDEN POLICE DEPARTMENT, CITY OF MINDEN,
SHANE WAITES, AND MARVIN GARRETT,

Defendants-Appellees.

_____

On Appeal from the United States District Court
For the Western District of Louisiana
(Civil Action No. 00-CV-1693)
_____

September 6, 2002

Before REAVLEY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jackie Nolen sued the City of Minden ("the City"), the Police Department of Minden ("the Police Department"), and officers Marvin Garrett and Shane Waites for alleged civil rights violations under 42 U.S.C. § 1983. Nolen alleged that Garrett and Waites falsely arrested him and then beat and taunted him. The district court granted summary judgment in favor of all defendants and dismissed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the Police Department.

Nolen does not challenge the district court's determinations that the Police Department was not a proper party because it was not a separate entity from the City and that the City was entitled to municipal immunity because Nolen failed to demonstrate that the City had a policy of arresting individuals without probable cause. Because Nolen does not address these determinations, the claims are abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). We affirm the grant of summary judgment in favor of the City and the dismissal of the Police Department. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court found that Garrett and Waites were both entitled to qualified immunity because they had probable cause to arrest Nolen and used reasonable force. We review a grant of summary judgment de novo, "viewing the evidence in the light most favorable to the nonmovant." Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). The moving party has the initial burden of showing that there is no genuine issue of material fact. If the moving party meets that burden, to reverse the grant of summary judgment the nonmoving party must produce evidence or set forth specific facts showing the existence of a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); FED. R. CIV. P. 56(e). Conclusory allegations, unsubstantiated assertions, or a scintilla

of evidence will not satisfy the nonmovant's burden.  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To obtain relief under 42 U.S.C. § 1983 Nolen must allege a violation of a constitutional right by one or more state actors. <u>Johnson v. Dallas Indep. Sch. Dist.</u>, 38 F.3d 198, 200 (5th Cir. 1994).  A § 1983 claim for false arrest only stands if the arresting officers lacked probable cause.  <u>Brown v. Board of Comm'rs of Bryan County, Ok.</u>, 67 F.3d 1174, 1180 (5th Cir. 1995), *overruled on other grounds*, 520 U.S. 397 (1997).  The totality of the circumstances must be considered in determining the existence of probable cause.  <u>Id.</u>

Nolen has not contested the defendants' assertions that he was intoxicated on the night of his arrest, <u>see</u> LA. REV. STATE. ANN. § 14:98 (2001), and ran a stop sign, <u>see</u> LA. REV. STATE. ANN. § 32:123 (2001).  He has not presented evidence that on the night of the incident he had a valid driver's license.  <u>See</u> LA. REV. STATE. ANN. § 32:415 (2001).  Based on the totality of the circumstances, the officers had probable cause to arrest Nolen.  <u>See</u> <u>Brown</u>, 67 F.3d at 1180.  We affirm the grant of summary judgment in favor of Garrett and Waites on the false arrest claim.

Nolen's final claim is a Fourth Amendment excessive force claim against Garrett and Waites.  Nolen's verified complaint does not claim that Garrett participated in the alleged assault.  We thus affirm the district court's grant of summary judgment in favor

of Garrett on the excessive force claim.

The right to make an arrest necessarily carries with it the right to use some degree of force or threat to effect it. <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). Nolen bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." <u>Williams v. Bramer</u>, 180 F.3d 699, 703, *clarified on reh'g*, 186 F.3d 633, 634 (5th Cir. 1999). Whether or not the force was reasonable should be judged according to the facts of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Graham v. Connor</u>, 490 U.S. at 396.

Nolen's complaint states that Waites struck him with a flashlight and that he was transported to the Minden Medical Center for surgical treatment of his injuries. The affidavits of civilian witness Harold Cawthon and officers Garrett and Waites support other facts. The affidavit of Cawthon states that Nolen was drunk when arrested and that when Waites informed Nolen that he was going to arrest him, Nolen shouted, "I am not going back to jail," struck a noncompliant posture, and then took off running. According to Waites' affidavit, when he caught up with Nolen he tackled him from behind and handcuffed him. Nolen sustained bruises to his knees as

4

a result of the chase.

The district court found that Nolen failed to deny that he resisted arrest and offered no details surrounding his arrest. The court held that Waites used reasonable force when apprehending Nolen. No evidence in the summary judgment record supports Nolen's allegations that Waites struck him with a flashlight and that his injuries required surgery. All of the evidence supports Waites' affidavit. The existence of a scintilla of evidence is insufficient to defeat summary judgment. Little v. Liquid Air Corp., 37 F.3d at 1075. We affirm the grant of summary judgment in favor of Waites on the excessive use of force claim.

After closely reviewing the record and reading the briefs, we AFFIRM the district court's grant of summary judgment in favor of defendants.