IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31315
Summary Calendar

_____

ANTHONY BO MCCARTY,

Plaintiff-Appellant,

versus

M. D. DAVIS; POLICE DEPARTMENT OF SHREVEPORT,
Jump Out Crew and Narcotics Unit; J. J. SILVA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2096
--------------------
November 7, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Bo McCarty, Louisiana prisoner # 105523, appeals the
district court's order granting the defendants' motion for summary
judgment and dismissing his 42 U.S.C. § 1983 complaint with
prejudice.

McCarty argues that the district court erred in dismissing his
excessive force claims against Officers M.D. Davis and J.J. Silva
because, contrary to their contentions, he did not attempt to flee

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

from police or resist arrest, thereby justifying the use of some force in order to effectuate his arrest. In support of their summary judgment motion, the defendants submitted affidavits from Officers Davis and Silva, who stated that McCarty fled from police and had to be tackled from behind by Officer Silva. Officer Davis alleged that he was not personally involved in the arrest because it was his responsibility to remain with the arrest van. Finally, Chief of Police Roberts submitted an affidavit stating that there is no policy or custom authorizing the use of excessive force in his department and that the use of excessive force is not tolerated.

After the magistrate judge issued a report and recommendation, McCarty submitted an affidavit that contained facts contrary to those alleged by the officers. In addition to this competent summary judgment evidence, McCarty had also filed a verified complaint and a sworn opposition to the magistrate judge's report and recommendation. In his affidavit, McCarty stated that he immediately complied with the officers' orders to lie face down on the ground. He averred that, once he obeyed, the officers handcuffed his hands behind his back and then began to beat him. McCarty's affidavit raises a genuine issue of material fact with regard to whether he resisted arrest, such that the use of some force would be justified. Accordingly, the district court's order granting summary judgment in favor of Officers Davis and Silva on this claim is vacated and the matter is remanded for further

proceedings. FED. R. CIV. P. 56(c). However, McCarty has presented no competent summary judgment evidence to support his claims against the Shreveport Police Department. Accordingly, the district court's order granting summary judgment in favor of the Shreveport Police Department on this claim is affirmed. See id.; see also Williams v. Bramer, 180 F.3d 699, 703, clarified on reh'g, 186 F.3d 633, 634 (5th Cir. 1999); Piotrowski v. City of Houston, 51 F.3d 512, 517 (5th Cir. 1995).

McCarty also argues that the district court erred in granting the defendants' motion for summary judgment on his claim that he was denied adequate medical treatment. The record reveals that McCarty was taken to the hospital and that he received treatment for minor injuries, within seven hours of his arrest. Because McCarty failed to show that the defendants were deliberately indifferent to his serious medical needs and that the delay in treatment resulted in substantial harm, the district court did not err in granting the defendants' motion for summary judgment as to this claim. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Additionally, McCarty argues that the district court erred in dismissing his claim that the defendants violated his constitutional rights by the use of racist language. The evidence in this case is conflicting with regard to whether the officers used racially offensive language. Nevertheless, McCarty has failed to allege an arguable equal protection claim. See Williams, 180

F.3d at 706. Accordingly, the district court's order granting summary judgment as to this claim is affirmed.

McCarty next argues that the district court erred in denying his repeated requests for a copy of the transcript of his preliminary hearing in state court, which he alleges would support his excessive force claims against Silva. McCarty has not cited any authority for the proposition that an indigent litigant is entitled to a free transcript of a state court proceeding in order to prosecute a 42 U.S.C. § 1983 action. Accordingly, the district court did not abuse its discretion in denying this request.

McCarty has filed a motion asking this court to order the state district court to provide McCarty with copies of the transcript of his preliminary examination hearing and his guilty plea waiver. McCarty's motion, which the court considers to be an application for mandamus, is DENIED. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Finally, McCarty has filed a motion for appointment of counsel on appeal. McCarty has adequately presented his arguments on appeal. Accordingly, in light of the foregoing, his motion for appointment of counsel is DENIED. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990); see also Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTIONS DENIED.