IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21001
Summary Calendar

_____

GEORGE A. CLEVELAND,

                              Plaintiff-Appellant,

versus

RICHARD C. THALER; TERRY L. PICKETT,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3567
--------------------
March 17, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     George Cleveland appeals a summary judgment dismissing his

42 U.S.C. § 1983 complaint.  Cleveland argues, as he did in the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court, that he has folliculitis barbae (a condition causing ingrown hair on the face and neck, which is aggravated by shaving), that he had been issued a medical pass allowing him not to shave and to maintain a ¼-inch beard, and that defendants were responsible for forcing him to shave on occasions, for verbally harassing him for not shaving, for falsely disciplining him for not shaving, and for refusing to increase his prison classification level based on his having a beard.

Our de novo review reveals that Cleveland's condition and shaving with his condition did not pose a serious risk of injury such that prison officers' forcing him to shave on occasions or interfering with his medical pass allowing him to maintain a ¼-inch inch beard supported a claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999); see also Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir. 1986).

Consequently, Cleveland's claims that prison officers verbally harassed, stated racial slurs, threatened disciplinary action, falsely disciplined him, and refused to promote his classification level based on his refusal to shave do not give rise to a deliberate indifference claim. Nor do such actions, by themselves, give rise to constitutional violations. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Williams v. Bramer, 180 F.3d 699, 705-06 (5th Cir.), clarified on other grounds, 186 F.3d 633 (5th Cir. 1999); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997);

Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir. 1986); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988).

Cleveland has not shown that there is a genuine issue of material fact which respect to his § 1983 claims. See FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc). The summary judgment is AFFIRMED.