United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60743
Summary Calendar
_____

LARRY BANKS,

Plaintiff-Appellant,

versus

DOLPH BRYANT, Etc.; ET AL,

Defendants,

ANTHONY JOHNSON, in his individual
capacity as deputy of the Oktibbeha
County Sheriff's Department; ED BLASINGAME,
in his official capacity as deputy of the
Oktibbeha County Sheriff's Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CV-106
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Larry Banks, now Mississippi prisoner # K0423, appeals the

summary-judgment dismissal of his 42 U.S.C. § 1983 civil rights

lawsuit alleging that Oktibbeha County, Mississippi, Deputy Sheriff

Anthony Johnson assaulted him without provocation, subjecting him

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to excessive force, and that Deputy Sheriff Ed Blasingame observed the assault, failed to intervene, and failed to provide him with medical care after he requested it. Banks argues that material factual disputes existed which precluded summary judgment.

This court reviews a district court's grant of summary judgment <u>de</u> <u>novo</u>, applying the same standard as would the district court. <u>See</u> <u>Melton v. Teachers Ins. & Annuity Ass'n of Am.</u>, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. <u>See</u> FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The court may not weigh the evidence nor make credibility determinations. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Banks is correct that material factual disputes existed which precluded summary judgment. The deputies submitted competent summary-judgment evidence to show that the force employed by Deputy Johnson was provoked by Banks' refusal to return to his holding cell, was applied to restore order, was reasonable and in proportion to the need, and did not result in any injury to Banks. Their summary-judgment evidence also tended to show that Banks neither required nor requested medical treatment. Banks responded to the summary-judgment motion with only conclusional allegations, which, standing alone, would be insufficient to defeat summary judgment. <u>See</u> <u>Michaels v. Avitech, Inc.</u>, 202 F.3d 746, 754-55 (5th

2

Cir. 2000).  However, as part of their summary-judgment motion, the deputies submitted a copy of Banks' sworn deposition testimony, wherein Banks asserted that Deputy Johnson beat, shoved, and choked him without provocation; that the assault resulted in what felt like a broken finger, bleeding abrasions to the head, bruised ribs, and back pain; and that Deputy Blasingame observed the assault, failed to intervene, and refused to provide him with medical care when he requested it.  The deposition testimony was competent summary-judgment evidence.  See Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988).

If Banks' allegations as stated in the deposition are true, they are sufficient to state a claim for both excessive force and the denial of medical care, in violation of his constitutional rights.  See Williams v. Bramer, 180 F.3d 699, 703-04, clarified on reh'g, 186 F.3d 633, 634 (5th Cir. 1999); Eason v. Holt, 73 F.3d 600, 601 (5th Cir. 1996); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).  In holding that Banks sustained at most de minimis injuries not requiring medical care, that Banks had not in fact requested any medical treatment, and that any force used by Deputy Johnson was used in good-faith effort to maintain order in the jail, not maliciously or sadistically to cause Banks harm, the district court credited the deputies' sworn factual allegations and rejected Banks' sworn deposition testimony.  This was error at the summary-judgment stage.  See Anderson, 477 U.S. at 248.  Because the

3

material facts underlying Banks' claims are in dispute and because the dispute cannot be resolved without making a credibility determination, this court must vacate the district court's judgment and remand the case for further proceedings.  See id.; see also Celotex, 477 U.S. at 322; FED. R. CIV. P. 56(c).

VACATED AND REMANDED.