United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51042
Summary Calendar

_____

LARRY KEELE,

Plaintiff-Appellee,

versus

M. LEYVA, Bailiff,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-1004
---------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Merced Leyva appeals from the court's denial of his summary judgment motion on the grounds of qualified immunity. This appeal arises from a civil rights complaint filed by prison detainee Larry Keele.

In his complaint alleging excessive use of force, Keele argued that after he had informed Leyva, a bailiff in charge of transporting Keele from the courthouse to the detention center, that he had a sore shoulder, Leyva proceeded to exert excessive

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

force in securing his handcuffs behind his back. In response to Keele's cursing that Leyva would break his arm, Leyva berated Keele that if he did not like being handcuffed then he should not come to jail. Keele sought medical treatment after the incident and was treated for an over-rotated shoulder.

Leyva argues that the court erred in denying him summary judgment because he is entitled to qualified immunity, and alternatively, that Keele's injury was <u>de minimis</u>. The court determined that a fact issue existed over whether excessive force was used and denied summary judgment. Leyva filed this interlocutory appeal.

As an initial matter, this court must determine jurisdiction to hear this appeal. Keele argues that this court lacks jurisdiction over this interlocutory appeal of the denial of qualified immunity because the court deemed the issue to be a factual determination. Although Leyva does not contest our jurisdiction, we have a duty to satisfy ourselves of our own jurisdiction. <u>See</u> <u>United Transp.</u> <u>Union v. Foster</u>, 205 F.3d 851, 857 (5th Cir. 2000).

This court has jurisdiction on interlocutory appeal to review the denial of a summary judgment based on qualified immunity only to the extent that the denial raises a question of law. <u>See</u> <u>Gonzales v. Dallas County, Tex.</u>, 249 F.3d 406, 411 (5th Cir. 2001)(citation omitted). The existence of some factual disputes will not defeat this court's jurisdiction; if the disputed facts are immaterial to the question of qualified immunity, this court

has jurisdiction to review the summary judgment. See Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000). Here, the issue of qualified immunity involves undisputed material facts, therefore, the court has jurisdiction to hear the appeal.

To establish a cognizable claim of excessive force, the plaintiff must demonstrate a violation of a clearly established constitutional right and must establish that the defendant's conduct was objectively unreasonable under clearly established law. Colston v. Barnhart, 130 F.3d 96, 99 (5th Cir. 1997) (citation omitted). Factors integral to this analysis include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Hudson v. McMillian, 503 U.S. 1, 6-7 (5th Cir. 1992). The injury must be more than a de minimis physical injury, but need not be significant or serious. Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999).

As the magistrate judge in this case correctly recognized, the mere handcuffing of Keele did not raise a constitutional claim. See Williams v. Bramer, 180 F.3d 699, 704, clarified, 186 F.3d 633, 634 (5th Cir. 1999). However, once Keele alerted Leyva to his shoulder condition, the continued exertion of force in securing the restraint rose to the level of malice. See id. at 704. Because Keele has stated a cognizable claim of excessive force, the

3

district court did not err in denying Leyva's motion for summary judgment.

AFFIRMED.