United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31042
Summary Calendar

ROYAL CASSELS,

Plaintiff-Appellant,

versus

MARK ALLEN; HARVEY SLATER; TODD BARRERE;
DONNELL MCNEAL; MARK SHARP,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-694
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Royal Cassels, Louisiana prisoner # 401602, seeks leave to

proceed in forma pauperis ("IFP") to appeal the district court's

dismissal of his 42 U.S.C. § 1983 lawsuit asserting claims that

he was subjected to excessive force, falsely issued a

disciplinary case, and deprived of procedural due process at his

disciplinary hearing. By moving for leave to proceed IFP,

Cassels is challenging the district court's certification that

his appeal was not taken in good faith because it is frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). However, Cassels has not demonstrated any nonfrivolous ground for appeal.

Cassels contends that the district court erred in dismissing his procedural due process claim for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). He has not briefed any challenge to the dismissal of his false disciplinary case claim and has thus waived the issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). He has additionally abandoned by failing to brief any argument challenging the district court's alternative grounds for dismissal of the procedural due process claim for failure to exhaust, pursuant to 28 U.S.C. § 1997e(a). See id.

The excessive-force claim was properly dismissed because the undisputed summary-judgment evidence shows that the force applied in an attempt to subdue Cassels during the fistfight he initiated with a fellow inmate was objectively reasonable and clearly not excessive to the need to stop the fight and restore order. See Williams v. Bramer, 180 F.3d 699, 703, clarified on reh'g, 186 F.3d 633, 634 (5th Cir. 1999). Cassels' assertion that he was seriously injured when he was beaten, kicked, and shocked with a cattle prod for approximately 15 minutes is unsupported by the evidence, only by his unverified pleadings, and is insufficient to create a material factual dispute precluding summary judgment. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir.

1993).  Although the May 7 medical records Cassels submitted do suggest a beating, they do not support a conclusion that he was subjected to more force than the defendants admitted applying as necessary to subdue him.  Cassels submitted no evidence indicating that the defendants used force excessive to the documented need to subdue him, and he presented no counter summary judgment evidence as to the need for force.

This court will not consider the new evidence Cassels seeks now to introduce in support of his claims.  Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  His argument that the district court erred in permitting the defendants to supplement their summary judgment motion is without merit.  See FED. R. CIV. P. 56.  Cassels' argument that the district court erred in denying his motion for the appointment of counsel is likewise without merit.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2. Cassels is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  He is further cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility

unless he is under imminent danger of serious physical injury.
See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.