**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 14, 2011

Lyle W. Cayce
Clerk

No. 09-10923
Summary Calendar

MARCUS DEON JOHNSON,

Plaintiff-Appellant

v.

ANDRE EVANS; JAMES WESTBROOK; THOMAS JACOBSON,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-766

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Marcus Deon Johnson, former Texas prisoner # 1358708, appeals from the district court's judgment for the defendants following a bench trial in Johnson's 42 U.S.C. § 1983 action.  He contends that Officer James Westbrook used excessive force by punching him in the face during an episode in which officers restrained him; that his injuries were not de minimis; that Westbrook was not entitled to qualified immunity; that other officers failed to protect him; and that he received ineffective assistance of trial counsel.  Johnson moves for leave to file

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an out-of-time reply brief and for oral argument; Johnson's motions are DENIED.

We review the district court's findings of fact for clear error and questions of law de novo. *Water Craft Mgmt. LLC v. Mercury Marine,* 457 F.3d 484, 488 (5th Cir. 2006). The district court's factual findings in Johnson's case are supported by the trial testimony of Westbrook, Officer Andre Evans, and Officer Thomas Fortner. Those officers' account of events indicated that Johnson spat on Evans from inside his cell; that Johnson refused to comply with officers' commands before the officers entered his cell; that Fortner was unable to restrain Johnson's arms before Westbrook entered the cell; and that Westbrook punched Johnson in the face in order to negate the threat of physical harm. On the facts as found by the district court, Westbrook did not use excessive force against Johnson. *See Williams v. Bramer,* 180 F.3d 699, 703, *clarified on reh'g*, 186 F.3d 633, 634 (5th Cir. 1999); *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). We realize that the district court had other evidence before it, including the testimony of Officer Thomas Jacobson, that, if credited, might have suggested a different factual scenario. Credibility findings, however, are within the realm of the finder of fact, *see United States v. Nixon,* 881 F.2d 1305, 1310 (5th Cir. 1989), and Johnson has not shown that we should disturb the district court's credibility findings in Johnson's case. Because we affirm the district court's conclusion that Westbrook did not use excessive force against Johnson, we need not address whether his injuries were de minimis or whether Westbrook was entitled to qualified immunity. *See Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009); *Williams,* 180 F.3d at 704.

Johnson does not brief his failure-to-protect issue beyond merely stating it. He has failed to brief the issue for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

Johnson raised his ineffective assistance claim for the first time in his postjudgment motion pursuant to Rule 60(b) of the Federal Rules of Civil

No. 09-10923

Procedure.  Because Johnson did not file a notice of appeal following the denial of the Rule 60(b) motion, this court lacks jurisdiction to address the ineffective assistance claims.  *See* FED. R. APP. P. 4(a)(4)(B); *Williams v. Chater,* 87 F.3d 702, 705 (5th Cir. 1996).

AFFIRMED.