# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2012

Lyle W. Cayce
Clerk

No. 12-30424
Summary Calendar

MONDRELL WILSON,

Plaintiff-Appellant

v.

LUKE RHEAMS, Captain; N. BURL CAIN, Warden; LESLIE DUPONT, Assistant Warden of Security,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-289

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mondrell Wilson, Louisiana prisoner # 378506, seeks leave to proceed in forma pauperis (IFP) on appeal. By moving for IFP, Wilson is challenging the district court's certification that IFP status should not be granted on appeal because his appeal from the dismissal of his 42 U.S.C. § 1983 suit is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilson argues that the district court erred in dismissing his complaint for failure to state a claim. He contends that the district court applied an unreasonable standard to his excessive force claim. He asserts that without provocation, Captain Rheams choked him to near unconsciousness and flung him to the ground out of his wheelchair. He argues that the district court erred in its opinion that an excessive force claim must be proven by a certain amount of actual physical injuries.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007); FED. R. CIV. PROC. 12(b)(6). We must accept all well-pleaded facts as true and must view them in the light most favorable to the plaintiff. *In re Katrina*, 495 F.3d at 205.

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In *Hudson*, the Supreme Court held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury," rejecting this court's earlier requirement of "significant injury" to establish a claim of excessive force. *Hudson*, 503 U.S. at 4. The Supreme Court has also rejected a requirement that a prisoner show more than a "de minimis" injury to establish a claim of excessive force because that approach is at odds with its direction in *Hudson* to "decide excessive force claims based on the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1177 (2010).

In *Williams v. Bramer*, 180 F.3d 699, 703-04, *clarified on reh'g*, 186 F.3d 633, 634 (5th Cir. 1999), an individual detained by police officers brought an excessive force claim against an officer who allegedly choked him twice, once in

the course of a search of the plaintiff's mouth and once shortly thereafter in response to his complaining about the first choking. The plaintiff's alleged injuries from each choking were identical: "fleeting dizziness, temporary loss of breath and coughing." *Id.* at 704. Evaluating each instance separately, we determined that the injuries resulting from the first choking were not constitutionally cognizable because they occurred during a search of the plaintiff's mouth for drugs. *Id.* With respect to the second choking, however, the identical injuries were actionable, because the second choking "was motivated entirely by malice" and because the officer was not "legitimately exercising force in the performance of his duties as an officer." *Id.*

Wilson has alleged that with no provocation, Rheams maliciously applied unnecessary force to him by choking him, resulting in near unconsciousness, and by flinging him out of his wheelchair to the floor. For purposes of Rule 12(b)(6), accepting Wilson's allegations as true, these allegations are sufficient to state a claim of excessive use of force based on the "nature of the force rather than the extent of the injury." *Wilkins*, 130 S. Ct. at 1177; *Williams*, 180 F.3d at 703-04.

The district court erred in dismissing the complaint for failure to state a claim of excessive use of force. Wilson's motion for leave to proceed IFP on appeal is GRANTED. Because further briefing is not required, the district court's judgment is VACATED and the case is REMANDED for further proceedings.